## DIPPEL v. HARGRAVE et al.

No. 34839.   Feb. 12, 1952.

*240 P. 2d 1070.*

Meacham, Meacham, Meacham & Meacham, Clinton, for plaintiff in error.

McFadyen & McFadyen, Anadarko, for defendant in error Russell Hargrave.

GIBSON, J.   The only issue of fact contested in this action was whether or not there was a partnership relation between the original defendants, Bill Ernest Dippel and Bill Riggs.   The appeal is predicated on alleged error in the admission of incompetent and prejudicial evidence and error in certain instructions given and in the refusal of the trial court to give requested instructions.   The jury decided the issue of fact in favor of plaintiff Russell Hargrave. Defendant Bill Dippel, alone, appeals.

Plaintiff Hargrave was a resident of Hydro, in Caddo county.   Defendant Dippel resided in Custer county, near Foss, and defendant Riggs lived at Clinton, in Custer county.   All three parties dealt in the sale and purchase of hogs in southwestern Oklahoma.

In the First State Bank at Foss there was on account in the name of Bill Riggs against which he drew checks in payment of the purchase price of hogs. In May and June, 1949, plaintiff made three separate sales of hogs to defendant Riggs who issued a check on the bank at Foss for each sale.   The checks in the total sum of $1,370 were returned to plaintiff with payment refused for the reason of insufficient funds in the account.

The petition alleges a copartnership between defendants Dippel and Riggs, engaged in the purchase of hogs.   Defendant Dippel filed a verified general denial. Defendant Riggs filed no answer and did not contest the action although he appeared as a witness.

Defendant Riggs testifed that in 1945 he and Dippel started buying and shipping hogs together; that when he didn't have sufficient money in the account to pay for hogs purchased he would phone to Dippel who would guarantee payment of the checks; that profits and losses were shared between them; that Dippel sold most of the hogs as he was a good salesman and Riggs himself made no contact with the packers; that when hogs were sold by either of them the proceeds were deposited in the bank account and the checks given to plaintiff were drawn on partnership funds in the bank.   Finally $6,000 of checks accumulated and Dippel turned them down without notifying Riggs and plaintiff's checks were among them. Defendant Dippel denied Riggs' testimony in detail.   He said there was no partnership; that he had no interest in Riggs' hogs except such as he purchased from Riggs.   He admitted that there were

times when Riggs was short of money and that he would advance money to Riggs but that was merely a loan and was never done except when Riggs had hogs on hand.

This conflicting evidence presented an issue of fact as to the existence or nonexistence of a partnership. But defendant Dippel urges the contention that the court erred in permitting certain witnesses to testify as to its being generally understood among those dealing in the purchase and sale of hogs that defendants were partners. The weight of authority is to the effect that evidence of a general reputation is inadmissible to prove an actual partnership, but it may be admissible to corroborate other testimony properly in the case. 47 C. J., p. 724, §131.

Each of the witnesses who gave testimony of which defendant complains were engaged in buying and selling hogs. Most of them had dealt with both Riggs and Dippel. Each testified to facts leading the witness to believe that defendants were partners. Some were present when both defendants were buying. Some were present and heard Riggs phone to Dippel before closing the deal. Several of them gave the testimony to which complaint is now directed without objection being interposed, although objections were made when other witnesses gave the same character of testimony.

Each of these witnesses was cross-examined with respect to the objectionable testimony without objection by the plaintiff. Under these circumstances we hold that defendant waived the error complained of.

"A party may not complain of the admission of evidence over his objection, where other evidence of the same tenor was admitted without objection." Wood v. Kerr Dry Goods Co., 190 Okla. 197, 121 P. 2d 992; Gafford v. Davis, 58 Okla. 303, 159 P. 490.

The existence of the partnership was not proved by the evidence of reputation. Its existence was established by the positive testimony of one of the partners. The most that can be said of the contested testimony of reputation is that it was corroborative of the testimony of defendant Riggs. Under such circumstances, the admission of testimony as to reputation or general understanding has been upheld. Rizer and Waters v. James, 26 Kan. 221; Cross v. Burlington National Bank, 17 Kan. 336.

Defendant protests the giving of certain instructions and parts of instructions, stressing his complaint that the court told the jury that there need not be a written agreement to constitute a partnership and that it was not necessary that profits be shared equally. We have reviewed all of the given instructions and find that they were proper in defining the issues and in outlining necessary proof of a partnership.

Selection of a part of an instruction or a sentence of an instruction for criticism will not strike down the instruction if, when considered in its entirety, it is found to correctly state the law applicable to the case.

Defendant urges error in the court's refusal to give his requested instructions No. 1 and No. 2, and intimates that the refusal to give the requested instructions constituted a denial of an instruction on defendant's theory of the case. We find that in instruction No. 6, given without exception, the court outlined defendant's defense and theory and included therein the points urged by defendant in his two requested instructions. It is not error to refuse to give requested instructions where the matters therein sought to be submitted are covered in other given instructions. Jones v. Spicer's, Inc., 197 Okla. 574, 173 P. 2d 421. Defendant was entitled to instructions presenting his theory but he was not entitled to special emphasis by splitting his contentions into several instructions which are largely repetitious.

We have consistently held that when instructions, considered as a whole, fairly present the law applicable to the

issues, a judgment on a jury verdict will not be disturbed on appeal. Elam v. Loyd, 201 Okla. 222, 204 P. 2d 280.

Affirmed.

HALLEY, V. C. J., and JOHNSON, O'NEAL, and BINGAMAN, JJ., concur. CORN, J., dissents.