REIN et al. v. PATTON.

No. 35527. April 14, 1953.

Rehearing Denied May 12, 1953.

*257 P. 2d 280.*

Butler, Rinehart & Morrison, Oklahoma City, for plaintiffs in error.

Ames, Daugherty, Bynum & Black, Oklahoma City, for defendant in error.

PER CURIAM. The parties will be referred to herein as they appeared in the trial court.

The plaintiff alleged in his petition that the defendant E. A. Hassman was the owner of an apartment hotel in Oklahoma City, and that he had in his employ the defendant Mrs. Lavon Rein, as general manager and operator of the hotel; that on December 30, 1949, the defendant Mrs. Rein, while acting as agent and pursuant to her duties, was attempting to replace a light bulb above the front door of the hotel; that the plaintiff, a tenant in the building, at the request of Mrs. Rein, climbed a ladder to replace the bulb; that while the plaintiff was so engaged, Mrs. Rein was holding the ladder on the front steps of the building; that without warning to the plaintiff she released her grip on the ladder and walked away; that the ladder then slipped and the plaintiff fell on the ground causing a fracture and double dislocation of his right ankle; that his injuries were directly and proximately caused by the negligence and carelessness of the defendant in permitting the ladder to slip; that the injuries were sustained without fault on his part and could not have been foreseen by him. He outlined the extent of his injuries, his expenditures for medical and hospital bills and his earning capacity. He asked judgment against the defendants in a substantial amount.

The defendants in their answer denied all of the material allegations of the petition except they admitted he sustained an injury on the date alleged; they denied that the injury sustained was due to any fault or negligence on their part, but was due entirely to voluntary acts on the part of the plaintiff in that he volunteered to climb the ladder and change the light bulb, and due to his own acts he fell or jumped from the ladder and sustained the injury of which he complained. Defendants further plead contributory negligence on the part of the plaintiff and prayed that he take nothing.

On trial before jury plaintiff testified that he was a tenant in the apartment hotel; that there were 45 apartments in the building; that the defendant Mrs. Rein was the manager of the apartment hotel; that at about 4:30 or 5:00 p.m., on December 30, 1949, the defendant Mrs. Rein came to his apartment and requested him to help her with the light; that she got a ladder and he helped her to take it to the front of the building; that after going down the steps she placed the ladder and held it and he ascended it to the top step; that he cautioned her to "be sure to hold the ladder"; that when he attempted to remove the bulb his hand came in contact with the metal part of the light and he got an electric shock; that he told Mrs. Rein the electricity was on; that she said it was not; that she went to examine it and came back and told him the electricity was off; that he then took out the burned-out bulb and descended far enough on the ladder to hand it to her; that she took it and handed him a new bulb; that he went back up the ladder and again cautioned her "to be sure and hold this ladder"; that he reached over to insert the new bulb in the socket and then he felt the ladder slipping and giving away and looked and saw Mrs. Rein away from the ladder, and for self-preservation he jumped, landing on the solid ground; that he received the injury to his foot when he hit on the side of his right leg and on one hand; he said the ladder was slipping backward and had slipped a foot and a half when he jumped from it. He testified to the nature and extent of his injury

and expenditures for his medical and hospital bills, his earning capacity and loss of time from his work. He testified that when he told Mrs. Rein about the electricity being on, he told her that he had a friend visiting him the night before and his friend almost fell down the steps.

This friend testified that he had visited the plaintiff the night before and that as he went out the front door of the apartment building that it was very dark and that he stumbled as he went down the steps.

The defendant E. A. Hassman, as a witness for the plaintiff, testified that he was the owner of the building; that at the time of the accident the defendant Mrs. Rein was employed by him. When asked whether Mrs. Rein's duties included the replacing of burned-out light bulbs, he answered. "Yes, sir, I think so because she was looking after the building."

The defendant Mrs. Rein, as defendants' witness, testified that her duties as an employee of the defendant Hassman were to "collect the rent, take care of the laundry and replace the light bulbs and to in general see that things are run correctly." She testified that before the date in question, on one or two occasions, she had helped in changing the light bulb, and on other occasions did it by herself. She said it was misting rain on the night in question and it was getting colder and she was afraid that if it froze or was sleeting a person might slip on the slick place. She wanted to turn on the light so people could get up the steps. It was then she found the light was not burning. It was between 4:30 and 5:00 p.m. She went to the back of the building to get the ladder; that plaintiff saw her and asked if she wanted help and that she told him that it was not necessary; that he insisted on helping; then she told him if he would hold the ladder, she would get her slacks and then she went to get the light bulb and put on her slacks; that plaintiff said, "let's get

this thing over with," and took the ladder outdoors. She said she did not ask him to help her. She said plaintiff climbed the ladder and removed the old bulb and handed it to her; that she threw it on the ground and handed him the new bulb; that he proceeded to climb up the ladder with the new bulb; that she was standing below plaintiff with her hand on the ladder; that when the plaintiff felt the electric shock he jumped and jerked and jiggled the ladder but that she steadied it; that she went in to ascertain whether the current was on and came back and told him the current was off; that it had not been turned on; that presumably plaintiff got another shock and when he did he jerked and jiggled the ladder and she guessed he lost his balance and for fear of falling, he jumped. She said the ladder was not slipping or falling until plaintiff started to jump. On cross-examination she testified that after plaintiff offered to go up the ladder, she let him do so and did not tell him not to do so.

Each defendant demurred to plaintiff's evidence and the demurrers were overruled. They excepted. At the close of all the evidence each defendant moved for directed verdict. These motions were overruled and they excepted.

The jury returned verdict for the defendants. In due time plaintiff filed motion for new trial charging, among other things, error of law occurring at the trial. Motion for new trial was taken under advisement and the parties were given time to file briefs. Later, the motion for new trial was sustained.

In letter to the attorneys, which was made part of the record, the court said:

"I beg to advise that after considering the briefs filed on motion for new trial in above case and reviewing some of the authorities cited, I must confess that I am still somewhat in doubt as to some questions raised, and I feel, therefore, the only thing left for me to do under all the circumstances is to sustain plaintiff's motion and grant a new trial.

"In doing so, I am not basing it upon any specific thing, but considering all the circumstances, including the instructions of the court, I cannot feel that the plaintiff in this case had the fair trial that the law contemplates. I am, therefore, directing the clerk to enter a minute today sustaining the motion for new trial and allowing the defendant an exception."

From the order sustaining the motion for a new trial the defendants have appealed to this court. In their joint petition in error they charge error in sustaining the motion for new trial and the overruling of each defendant's demurrer to the evidence and of each defendant's motion for directed verdict. In their brief they contend there was no evidence on which a judgment for plaintiff could have been sustained; therefore, they assert it was error for the court to set aside the judgment.

They say there was no evidence that Mrs. Rein had authority to employ any persons to assist her in her work; that the plaintiff was not an employee but was merely a volunteer. They say there was no evidence of negligence on the part of Mrs. Rein.

Plaintiff's evidence is to the effect that Mrs. Rein was employed by Mr. Hassman; that she was to see that things were run correctly; that it was a part of her duties to replace light bulbs; that at previous times she had had help in changing bulbs; that she was looking after the building; that she was the manager of the apartment building.

The plaintiff, as a witness, testified that Mrs. Rein requested him to help her and that he cautioned her to hold the ladder to keep it from falling; the evidence shows that on December 30, 1949, it was dark, or approaching dark, when the light bulb was being changed; that it was misting and was probably freezing on the steps. Mrs. Rein owed plaintiff the duty to hold the ladder on the frozen or freezing steps, especially so, when she was cautioned by plaintiff to do so. According to plaintiff's testimony she failed to continue to hold the ladder and her failure to do so resulted in his receiving the injury. Under this testimony she was guilty of negligence.

Mrs. Rein, as the manager of the building, evidently had authority to procure the plaintiff or any other person to help her. In the case Caldwell v. Crozier, 100 Okla. 175, 228 P. 974, on which defendants rely, the person who requested Crozier to assist in moving the scaffold was an employee working by the hour and was not a superintendent or manager. The case of St. Louis & S.F. R. Co. v. Bagwell, 33 Okla. 189, 124 P. 320, 40 L.R.A. (N.S.) 1180, is more in point. In that case a conductor of a train requested help. We held that the one requested by the conductor became a servant of the company. Furthermore, Patton as a tenant was interested in having the light over the entrance to the building burning to prevent injury to himself or to his guest coming into the building or departing therefrom after dark. This interest would in any event remove him from being classified as a volunteer. Hughes v. Shanafelt, 203 Okla. 80, 218 P. 2d 350.

Defendants' contention that the demurrers and motions for directed verdict should have been sustained, is not well taken. Special emphasis is placed on the argument that it was error to overrule the demurrer and motion for directed verdict as to the defendant Hassman. He is not in position to present error as to him alone. The petition in error is joint and unless good as to both, it is unavailable as to both. Pepis v. Rector, 196 Okla. 489, 166 P. 2d 94.

The fact that the plaintiff was not promised compensation for his services does not prevent him from being a servant of the defendant. 35 Am. Jur. 591, §163; W. H. Neill Co. v. Rumpf, 148 Ky. 810, 147 S.W. 910, L.R.A. 1917C, 1199.

Defendants say that plaintiff raised no objection to the instructions given. In his motion for a new trial he did not

446

specifically complain of error in the giving of instructions. In sustaining the motion for a new trial, the trial court said he was not basing it upon any specific thing, but considering all the circumstances, including the instructions of the court, he did not feel that the plaintiff in the case had the fair trial the law contemplates. It is not necessary to make much comment of the instructions, but we do note that one instruction mentioned assumption of risk. This was not pleaded. Contributory negligence was specially pleaded, but there is a clear distinction between these two defenses. Chicago, R.I. & P. Ry. Co. v. Rogers, 60 Okla. 249, 159 P. 1132; St. Louis & S.F. Ry. Co. v. Sears, 173 Okla. 483, 49 P. 2d 489. To be available as a defense, assumption of risk must be expressly pleaded. Shunkamolah v. Potter Delco, 131 Okla. 272, 268 P. 270.

The trial court was not limited by the grounds mentioned in the motion for new trial. In Reyes v. Goss, 205 Okla. 140, 235 P. 2d 950, we said:

"When a motion for new trial is sustained the trial court is not limited to the grounds stated in the motion, but has a broad latitude or discretion which will not be disturbed by this court, unless it is shown that the court has acted arbitrarily or abused its discretion, or has manifestly erred in some pure, simple, and unmixed question of law. * * *"

The granting of the new trial does not end the litigation. The trial court feared the plaintiff had not had the fair trial the law contemplates; therefore, he vacated the judgment to put the parties in the position they were before the case was tried. In Harper v. Pratt, 193 Okla. 86, 141 P. 2d 562, in the syllabus, we said:

"The granting of a new trial being so much within the discretion of the trial court, this court will not reverse an order of such court granting a new trial, unless error is clearly established in respect to some pure, simple and unmixed question of law.

"The judge who presides at the trial of a case, hears the testimony of the witnesses, observes their demeanor, and has a full knowledge of the proceedings had and done during the process of the trial, is in a better position to know whether or not substantial justice has been done than any other person. Where such judge sustains a motion for a new trial, it will require a clear showing of manifest error and an abuse of discretion before the appellate court will be justified in reversing such ruling of the trial court.

"As the granting of a new trial only places the parties in a position to have the issues between them again submitted to a jury or court, the showing for reversal should be much stronger where the error assigned is the granting of a new trial than where it is the refusal."

Under the rules announced in the foregoing cases, and in many other cases cited in West Oklahoma Digest under the heading of Appeal and Error, Key No. 977 (3) and New Trial, Key No. 6, we hold that the trial court did not commit error in granting a new trial.

The judgment of the trial court is affirmed and the cause remanded to the trial court for further proceedings.

This court acknowledges the services of Attorneys Wm S. Hamilton, Frank T. McCoy, and John T. Craig, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.

JOHNSON, V.C.J., and WELCH, CORN, DAVISON, O'NEAL, WILLIAMS, and BLACKBIRD, JJ., concur. HALLEY, C.J., dissents.