Carroll SMITH, Plaintiff in Error,

v.

Ferrell A. HAWKINS, d/b/a Hawkins Irrigation Equipment Company, Defendant in Error.

No. 37842.

Supreme Court of Oklahoma.
March 4, 1958.

Sam L. Wilhite, Anadarko, for plaintiff in error.

Barney & Pain, Anadarko, for defendant in error.

PER CURIAM.

The parties to this action appear here in the reverse of their order of appearance in the trial court and hereinafter we shall refer to them by their trial court designation.

The plaintiff brought this action to recover the damages resulting from the defendant's failure to pay for an irrigation system he purchased from plaintiff. The action was tried to a jury which returned a verdict for plaintiff upon conflicting evidence. From the evidence most favorable to plaintiff it appears that defendant purchased a water irrigation pump and dis-

tribution system for his farm from the plaintiff; that defendant accepted delivery and used the equipment for several months during and until the end of the crop watering season; that he refused to pay plaintiff the agreed price of approximately $7,898.00; that after repeated attempts to reconcile their dispute and secure payment plaintiff regained possession of the equipment; that the equipment was only worth approximately sixty per cent of its original value when plaintiff regained possession due to the nature of the use it had received; that plaintiff has disposed of most of the equipment by sale since retaking possession; that part of the equipment sold to defendant of a value of $467.00 was not found and repossessed by plaintiff. Defendant's testimony was that the equipment delivered was not that which he had purchased. The jury returned a verdict for plaintiff in the amount of $1289.00, upon which judgment was entered.

█ Defendant's first proposition urges a lack of sufficient evidence to support the judgment and the alleged error of the court in its instruction covering the measure of damages. We are not persuaded by defendant's argument concerning the lack of sufficient evidence. The evidence amply supported the conclusion that there was a sale and delivery of the irrigation equipment to defendant at a price of at least $7,600, and that defendant had refused to pay the plaintiff. The conflicting evidence concerning the sale was resolved by the jury's verdict in plaintiff's favor under instructions which predicated liability by defendant solely upon the existence of a sale of the merchandise.

On the measure of damages the court gave an instruction substantially in the language of Sec. 21, 23 O.S.1951, which provides:

"For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this chapter, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, * * *."

Defendant contends in his brief that the proper measure of damages is that provided by Title 23 O.S.1951 § 22, which is:

"The detriment caused by the breach of an obligation to pay money only is deemed to be the amount due by the terms of the obligation, with interest thereon."

█ We do not agree with defendant's contention. Section 22 applies to the breach of an obligation to pay money only, and specifies that the detriment or damage is deemed to be the amount due by the terms of the obligation. The present action grew out of a contract of sale of personal property, but the amount sought to be recovered is not the contract price of the property. Defendant refused to pay for the property furnished on the ground that it was not as bargained for and plaintiff repossessed and appropriated to his own use a major portion of the same, and in this action seeks to recover what he calls depreciation in value of the property while in the possession of defendant, and to recover the value of the property not repossessed or returned to plaintiff. Section 22, supra, is too limited in its terms and application to cover the facts and damages in question. The question of damages varies with the facts and circumstances of each case and no one rule will ordinarily fit all cases. Defendant pleaded conversion, and the evidence proved that the plaintiff had converted the irrigation equipment after he regained possession, and that at that time it was worth only sixty percent of its original value. The court instructed on the credit due defendant if the jury found a conversion of the property by plaintiff. Certainly, the defendant does not mean to suggest that he is not entitled to a proper credit against the debt of the value of the equipment when converted. Thus, the amount due plaintiff under defendant's theory of the proper measure of damages, in view of the undisputed proof concerning the value of the merchandise when retaken by plaintiff in relation to its sale price to defendant, was substantially more than the amount the

**376**

jury verdict awarded plaintiff. Under such circumstances we do not understand how an erroneous instruction on the measure of damages, if such it was, could have resulted in prejudice to defendant. Errors of the nature here suggested must have resulted in prejudice to the complaining party before this court will reverse the judgment. Carver v. Knutson Elevators, Okl., 285 P.2d 391.

 What we have said heretofore also applies with equal appropriateness to defendant's proposition II concerning the alleged error by the court in refusing his requested instruction No. 2. This requested instruction would have told the jury that plaintiff was not entitled to recover for any depreciation of the equipment. But if there was a sale, and the jury so found, defendant was entitled to a credit for the property converted; and the testimony concerning depreciation was introduced to establish that fact. Defendant also could have introduced evidence on value had he chosen to do so. This requested instruction added nothing to that given by the court on the proper measure of damages for the conversion.

"Instructions of the trial court must be viewed in the light of the evidence upon which they operate and of the instructions as a whole. When thus considered, if it does not appear probable that the rights of the complaining party were prejudiced by the alleged error in refusing to give plaintiff's requested instructions, a verdict against said party will not be set aside." Cook v. Black, Okl., 310 P.2d 774, 775.

The final proposition concerns the court's ruling on the admissibility of certain testimony concerning the value of the equipment, the use to which it had been put, and the lack of compensation to plaintiff for that use by defendant. We have carefully examined the testimony to which objection is now taken and are of the opinion that no reversible error is presented. Much of that concerning use and lack of compensation for the use of the equipment was proper re-direct or cross-examination. As to some other a proper record was not preserved. Of course, that concerning the value of the equipment when converted was not improper. All in all, any error concerning the court's ruling on evidence is harmless in view of the verdict and undisputed evidence in the action. Carver v. Knutson Elevators, supra.

The Court acknowledges the aid of the Supreme Court Commission in the preparation of this opinion. After a tentative opinion was written by the Commission, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.