**ERNEST WIEMANN IRON WORKS, a corporation, Plaintiff in Error,**

v.

**HOERNER BOXES, Inc., Defendant in Error.**

No. 38072.

Supreme Court of Oklahoma.

Nov. 18, 1958.

Frank Settle, Tulsa, for plaintiff in error.

Shidler & Threadgill, Tulsa, for defendant in error.

JACKSON, Justice.

The plaintiff, Hoerner Boxes, Inc., brought this action on open account against the defendant, Ernest Wiemann Iron Works, to recover a balance of $900 allegedly owing for an order of shipping cartons.

Defendant filed an answer and cross-petition admitting the $900 balance but alleging that plaintiff was liable to it in the amount of $2,826.81 by way of damages for breach of warranty in connection with the sale of said cartons. Defendant prayed judgment on its cross-petition for the difference of $1,926.81.

The evidence as to breach of warranty was conflicting. The jury returned a verdict for defendant on its cross-petition in the amount of $1,400. Thereafter plaintiff filed its motion for new trial which was sustained. Defendant appeals.

One reason assigned by the trial court for his action in sustaining the motion for new trial was that he had given an erroneous instruction relative to the burden of proof and plaintiff's right to recover or receive credit for the $900, and had thereafter confused the jury by an inadequate attempt to rectify the mistake.

At the beginning of the trial the court advised the jury as follows:

"The defendant, by its answer, has admitted that the items shown in the account were agreed upon, sold and delivered. It has alleged as a defense and as a basis for cross-petition certain matters with regard to the delivery and with regard to the warranty. Therefore, in this case the defendant will go forward with the evidence and the plaintiff will follow as a defense in testimony with regard to the cross-petition."

However, in the first instruction to the jury the court inadvertently instructed them as follows:

"You are instructed that the burden of proof is on the plaintiff to prove the affirmative allegations of his petition by a preponderance of the evidence, and unless he has done so, your verdict should be for the defendant on plaintiff's petition.

"'You are further instructed that the burden of proof is upon the defendant to prove by a preponderance of the evidence all of the affirmative allegations of his answer, unless the same appears from the evidence of the plaintiff, and if you find that plaintiff has sustained his burden of proof and that defendant has failed to do so, then your verdict should be for the plaintiff on his petition."

In the last paragraph of the sixth instruction the court attempted to rectify this error as follows:

"On the other hand, you are instructed that defendant has admitted the sale, purchase and receipt of items as alleged in plaintiff's petition in the amount of $900.00. And should you find from the evidence that there was no expressed warranty as to said sale, then and in that event your verdict should be for the plaintiff on its petition in the sum of $900.00, the amount sued for."

At the hearing on plaintiff's motion for new trial the trial court said:

"And there is also one other thing, Mr. Settle, that worries me. Through inadvertence I used a form instruction on the first instruction, and the facts had been admitted with regard to the plaintiff, and I started reading and I corrected, I thought, as best I could under the circumstances the instruction; but I started reading that they had to find from a preponderance of the evidence that the plaintiff had established its case, and those facts had already been admitted. I started off in that way and I retracted my steps and tried to clear it up, but I also think that that was confusing and that worried me at the time. I do not know whether that was reversible error, but it was certainly error. It was certainly not intended on my part.

"I stated to them that they had to find that the plaintiff had established

its case by a preponderance of the evidence, and then I realized what I had done and I backed off and said something about it being admitted; but I do not think a Court ought to instruct the jury in that manner. As I say, it may have been harmless error. It may have been cured; that the record would have to bear out. But that worried me and that is another ground."

█ It is not necessary for us to determine if the error contained in the first instruction was such as to *require* the granting of a new trial. When the trial court has granted a new trial we will not reverse such ruling unless it is shown that the court has acted arbitrarily or abused its discretion, or has manifestly erred in some pure, simple and unmixed question of law. Rein v. Patton, 208 Okl. 442, 257 P.2d 280; Dowell, Inc. v. Layton, Okl., 261 P.2d 885.

The trial court did not err upon a pure, simple and unmixed question of law. His ruling was based upon an expressed feeling that he had confused the jury as a result of an obviously erroneous instruction and an inadequate attempt to rectify the mistake. Therefore, in order to reverse the trial court's ruling, we must say that he acted arbitrarily or abused his discretion.

█ In sustaining a motion for new trial the trial court is not limited to grounds stated in the motion. Rein v. Patton, supra; Dowell, Inc. v. Layton, supra.

In Pfrimmer v. Johnson, 195 Okl. 33, 154 P.2d 765, 767, we said:

"Though it is difficult for us to understand, considering the instructions together, how instruction No. 11 could have resulted in prejudice affecting detrimentally and materially the rights of the defendants, the trial court evidently entertained this view of the matter and for this reason granted new trial to all defendants. We cannot say as a matter of law that the trial court abused its discretion in so doing."

In the instant case it is not difficult to understand how plaintiff could have been

prejudiced. The record does not show whether more than one form of verdict was given the jury. The one that is shown in the record is general in form. The court did not specifically instruct the jury to compute defendant's ultimate recovery, if any, with reference to the $900 credit admittedly due plaintiff. And in the last paragraph of the sixth instruction wherein the court attempted to clarify this matter there is an erroneous suggestion that plaintiff was not entitled to such credit if there was an "express warranty."

In Negrate v. Gunter, Okl., 285 P.2d 194, it is held in the second paragraph of the syllabus as follows:

"It is the duty of the trial court to safeguard the rights of litigants to a fair trial and where, in the opinion of the court, a party has not been so protected, may grant a new trial to obviate the error which has occurred."

In Rein v. Patton, 208 Okl. 442, 257 P.2d 280, 281, we held in the second paragraph of the syllabus as follows:

"The judge who presides at the trial of a case, hears the testimony of the witnesses, observes their demeanor, and has a full knowledge of the proceedings had and done during the process of the trial, is in a better position to know whether or not substantial justice has been done than any other person. Where such judge sustains a motion for a new trial, it will require a clear showing of manifest error and an abuse of discretion before the appellate court will be justified in reversing such ruling of the trial court."

We think the trial court was motivated by a genuine concern as to the prejudicial effect of his instructions. We cannot say that the instructions under consideration did not operate to the prejudice of plaintiff; therefore, we cannot say as a matter of law that the court abused his discretion in granting plaintiff a new trial for this particular reason. Having reached this conclusion it is unnecessary to consider the other reasons stated.

Judgment affirmed.

CORN, V. C. J., and DAVISON, HALLEY, WILLIAMS and BLACK-BIRD, JJ., concur.