**Billy Edward DISMUKE and Hale-Halsell Co., a corporation, Plaintiffs in Error,**

v.

**George R. MILLER, Defendant in Error.**

**No. 38085.**

Supreme Court of Oklahoma.

Oct. 6, 1959.

Sanders & McElroy, Tulsa, for plaintiffs in error.

Robert N. Wilde, Tulsa, Rucker, Tabor & Cox, Joseph A. Sharp, O. H. (Pat) O'Neal, Tulsa, for defendant in error.

JACKSON, Justice.

In the trial court the plaintiff, George R. Miller, sought recovery for damages allegedly caused by defendants, Billy Edward Dismuke and Hale-Halsell Company, a corporation, when plaintiff's vehicle was struck from the rear by a vehicle driven by Dismuke, an employee of Hale-Halsell Company.

Briefly stated, the facts are that prior to the accident plaintiff, Miller, was driving a pick-up truck in an easterly direction on Pine Street in the City of Tulsa. Defendants' semi-trailer truck, was following immediately behind the plaintiff. Immediately ahead of the plaintiff was a car driven by a Mrs. Roberts traveling east on Pine Street. The traffic was heavy in both east and west directions on Pine Street.

As these three vehicles moved in an easterly direction Mrs. Roberts stopped to wait for a gap in the lane of west-bound traffic in order that she might turn her car to the left across that lane into a private driveway. Plaintiff applied his brakes and either stopped or was moving slowly when defendants' truck struck plaintiff's truck from the rear.

Plaintiff alleged negligence on the part of the defendants in that their driver, Dismuke, was driving too fast and too close behind the plaintiff. Defendants denied that they were negligent and plead contributory negligence on plaintiff's part

and alleged in this connection that the plaintiff, knowing that Mrs. Roberts was stopping her car, continued to drive his truck until it was "right on" her car and then brought it to a sudden unsignaled stop without warning or notice to the defendant driver in violation of the statutes. Defendants further alleged in effect that Mrs. Roberts was negligent and that her negligence was the proximate cause of the accident.

After hearing the evidence the jury found against the plaintiff and judgment was rendered for defendant.

Among other grounds alleged in plaintiff's motion for new trial it asserted that the trial court was in error in giving instructions numbered 10 and 13. At the conclusion of the hearing on motion for new trial the court said:

"The Court sustains the motion for a new trial, and on being requested by counsel for the defendants will repeat on the grounds that the Court's Instruction No. 13 was an erroneous statement of the law as to the negligence of an intervening third party and that the instructions taken as a whole emphasize the defense of contributory negligence more than they should, in that a number of the instructions do repeat and refer to contributory negligence."

In the journal entry or order sustaining plaintiff's motion for new trial the trial court assigned the reasons as hereinabove quoted as the basis for its action.

In Instruction No. 13 the jury was told:

"You are instructed it is the defendant's theory of this case that if there was any cause of this automobile collision other than negligence of the plaintiff, it was the negligence and want of care of a third party, to-wit: a Mrs. Nettie Roberts, who defendants allege was traveling in front of both the plaintiff and the defendants' automobiles and who made a sudden stop and commenced a left turn without having given a signal or warning of her intention to do so, which acts the defendants say are in violation of the Statutes of the State of Oklahoma, which provide as follows:

"'A signal of intention to turn right or left, when required, shall be given continuously not less than the last one hundred (100) feet traveled by the vehicles before stopping or turning.

"'No person shall stop or suddenly decrease the speed of a vehicle without first giving an appropriate signal, in the manner provided herein, to the driver of any vehicle immediately to the rear when there is opportunity to give signal.

"'You are instructed that the signal provided for in this section of the law for stop or decrease shall be given by extending the arm and hand downward from left to side of vehicle.

"'In this connection you are instructed that if you find that the third party is guilty of such *intervening* negligence as charged by the defendants and if you find that the defendants were not guilty of negligence by a preponderance of the evidence, and if you further find that the accident resulted from the *intervening* negligence of a third party as charged, then you are told that your verdict must be for the defendants.'" (emphasis supplied)

Defendants do not contend that there was any intervening negligence in this case, and therefore do not contend that the court properly instructed on intervening negligence.

All parties concede that there was no issue as to an intervening cause involved in this case. And it is clear that the trial court did not intend to, and did not in fact inject this issue into the case. The use of the term "intervening negligence" was inept, but it could not have been prejudicial in itself since nothing else was said about the law of intervening cause and remote negligence. As descriptive of a third party's negligence, the word "inter-

vening" was treated as synonymous with the word "independent". However, the trial court was of the opinion that this instruction, together with what he considered an over-emphasis on contributory negligence, was prejudicial. The court stated that "Instruction No. 13 was an erroneous statement of the law as to the negligence of an intervening third party". It is obvious that he did not mean he had instructed erroneously as to the law of intervening and remote *causes* which would involve the question of foreseeability, etc. It appears that he was of the opinion that he had erroneously instructed as to the applicable law where a defendant advances the theory that he was not negligent in *any* respect and that the accident was caused *entirely* by the negligence of others.

Such a defense merely emphasizes and explains the claimed absence of negligence on defendants' part and attributes the cause of the accident to the negligence of others, and an instruction covering same approaches mere surplusage. If the defendants were not negligent, they were not liable regardless of who or what caused the accident. However, in Cabiniss v. Andrews, Okl., 258 P.2d 180, we held that it was proper for the trial court to instruct the jury on this question. We further held that the trial court erred on an unmixed question of law in concluding that he had committed error in giving an instruction on this point. In the instant case the court did not conclude that it was error to give an instruction on the effect of the third party's alleged negligence, but only that the instruction was worded improperly or deficient in some respect. And while the instruction does not contain any affirmative misstatements of the law it can be said to be somewhat confusing and misleading and possibly over-emphasizes the effect of the third party's negligence. It is true that the instruction is so worded that upon close analysis the third party's negligence is of no import unless the defendants were free from negligence, but this in itself could be misleading to the jury for the reason above mentioned that if the defendants were not negligent then the third party's negligence or lack thereof is immaterial.

If an instruction on such a defense is to be given it would be much better practice to clarify it by an express instruction on the law of concurring negligence and causal connection, and thereby expressly inform the jury that even though the third party was negligent which negligence had a causal connection with the accident, the defendants might also be liable if there was concurring negligence on their part. The wording of Instruction No. 13 suggests that the jury must make a choice as to whether defendants' or the third party's negligence was the sole cause of the accident.

Since the instruction is not as complete or clear as it could and should have been the trial court did not err on a pure and simple unmixed question of law in concluding that the instruction was erroneous.

The only other question is whether the instruction was prejudicial. The trial court concluded that it was prejudicial, and before we can reverse the ruling, we must say that the trial court acted arbitrarily or abused its discretion in this regard.

In Ernest Wiemann Iron Works v. Hoerner Boxes, Inc., Okl., 332 P.2d 10, 12, the body of the opinion contains the following language:

"* * * When the trial court has granted a new trial we will not reverse such ruling unless it is shown that the court has acted arbitrarily or abused its discretion, or has manifestly erred in some pure, simple and unmixed question of law. (Citing cases)

"The trial court did not err upon a pure, simple and unmixed question of law. * * * Therefore, in order to reverse the trial court's ruling, we must say that he acted arbitrarily or abused his discretion.

\* \* \* \* \* \*

"In Negrate v. Gunter, Okl., 285 P.2d 194, it is held in the second paragraph of the syllabus as follows:

"'It is the duty of the trial court to safeguard the rights of litigants to a

fair trial and where, in the opinion of the court, a party has not been so protected, may grant a new trial to obviate the error which has occurred.'

"In Rein v. Patton, 208 Okl. 442, 257 P.2d 280, 281, we held in the second paragraph of the syllabus as follows:

" 'The judge who presides at the trial of a case, hears the testimony of the witnesses, observes their demeanor, and has a full knowledge of the proceedings had and done during the process of the trial, is in a better position to know whether or not substantial justice has been done than any other person. Where such judge sustains a motion for a new trial, it will require a clear showing of manifest error and an abuse of discretion before the appellate court will be justified in reversing such ruling of the trial court.'

"We think the trial court was motivated by a genuine concern as to the prejudicial effect of his instructions. We cannot say that the instructions under consideration did not operate to the prejudice of plaintiffs; therefore, we cannot say as a matter of law that the court abused his discretion in granting plaintiff a new trial for this particular reason."

Likewise, in the instant case we cannot say that Instruction No. 13 was not prejudicial; therefore, cannot say as a matter of law that the trial court abused its discretion in granting plaintiffs a new trial.

Affirmed.

DAVISON, C. J., and WELCH, HALLEY, JOHNSON, BLACKBIRD, IRWIN and BERRY, JJ., concur.

WILLIAMS, V. C. J., dissents.

WILLIAMS, Vice Chief Justice (dissenting).

I am unable to concur in the majority opinion in this case.

It appears to me that up to this moment, counsel for plaintiff in the trial court has succeeded in diverting the attention of the trial court at the hearing upon his request for a new trial and the attention of this court from the issues at law involved at that time in the trial court and here.

In the last portion of instruction number 13 it is noted that the court told the jury:

"In this connection you are instructed that if you find that the third party is guilty of such intervening negligence as charged by the defendants *and* if you find that the defendants were not guilty of negligence by a preponderance of the evidence, *and* if you further find that the accident resulted from the intervening negligence of a third party as charged, *then* you are told that your verdict must be for the defendants." (Emphasis added)

It is to be observed that the court here instructed the jury to require defendants not merely to prevent plaintiff from showing that they were guilty of negligence, but required them to affirmatively show by a preponderance of the evidence *both* that they were not guilty of negligence *and* that the negligence of a third party caused the accident.

The trial court's description of the negligence of the third party, Mrs. Roberts, as "intervening" was merely by inadvertence. Such is demonstrated by reading the whole of instruction 13. It is further demonstrated by consideration of the matters which transpired at the conclusion of the giving of instructions to the jury by the trial judge.

The judge had orally instructed the jury as to the issues involved in the case. At the conclusion of the giving of all the instructions, defendants' attorney objected to such oral statement and particularly to the omission by the court of any reference to "unavoidable accident" which was one of the grounds of defense alleged by defendants. The court stated into the record of the trial that he considered unavoidable accident and contributory negligence instructions as being repugnant one to the other but further stated "that in this case the court did not believe there was any evidence

showing unavoidable accident, but that the evidence either showed the negligence of an *intervening* third party or contributory negligence or negligence of the defendants but did not show any unavoidable accident." (Emphasis added.) As stated in the majority opinion, apparently the trial court merely used the word "intervening", thinking of any negligence on the part of Mrs. Roberts as being independent of any negligence on the part of defendants.

The majority opinion concedes that the instruction involved herein does not contain any affirmative misstatements of the law. However, the majority feel that "it can be said to be somewhat confusing and misleading and possibly over-emphasizes the effect of the third party's negligence." The majority concede "that the instruction is so worded that upon close analysis the third party's negligence is of no import unless the defendants were free from negligence," but say "this in itself could be misleading to the jury for the reason above mentioned that if the defendants were not negligent then the third party's negligence or lack thereof is immaterial." However, the majority opinion had already conceded that in Cabiniss v. Andrews, Okl., 258 P.2d 180, this court held that it was proper for the trial court to instruct the jury on the question of defendants' claim that an accident was caused by the negligence of another than himself, though no issue relating to the negligence of a third party was tendered by the pleadings, where such defense was supported in the evidence.

To my notion a suggestion by the majority that the trial court should properly have instructed upon the law of concurring negligence is a bit out of order in this case, since it was defendants who claimed that the negligence of Mrs. Roberts was the cause of the accident, rather than the plaintiff having pleaded that the negligence of defendants caused the accident or concurred with the negligence of someone else in causing the same, especially unless the evidence may be said to have tended to show such concurring negligence. And there appears to be no contention that it did.

The majority conclude that the trial court did not err on a pure and simple unmixed question of law when he decided to grant a new trial because instruction 13 was erroneous. They say "the wording of Instruction No. 13 suggests that the jury must make a choice as to whether defendants' or third party's negligence was the cause of the accident." However, as above noted, the majority's conclusion appears to me to be incorrect. Defendants were required by instruction 13 to prove Mrs. Roberts was guilty of negligence causing the accident *and* that they were not.

Further, when considered with the other instructions and particularly number 15, I am unable to agree with the conclusion that the trial court did not err. By instruction number 15 the court told the jury "Should you find from a preponderance of the evidence herein that the defendants were guilty of any of the acts of negligence alleged in plaintiff's petition and that said negligence was the proximate cause of the accident and the resulting injuries to the plaintiff and that plaintiff was not guilty of contributory negligence, then your verdict should be for the plaintiff and against the defendants. But if you do not so find or should you find from the evidence that plaintiff was guilty of contributory negligence or the negligence of the defendants was not the proximate cause of the injuries and damages to plaintiff then in either event said latter events your verdict should be for the defendants." Certainly this was stated simply enough for lay people of common understanding to readily comprehend.

The word "intervening" as modifying the word "negligence" was inserted in the defendants' requested instruction by the trial court upon his own initiative before inclusion as such instruction number 13 in the charge to the jury. Such insertion was not reversible error when the instruction is considered in its entirety along with the other instructions. When so considered, this instruction number 13 fairly states the rule as to third party negligence. Cabiniss v. Andrews, supra. The incidental use of the word "intervening" as an adjective did not

change the purport of the instruction itself. In this circumstance the word must be considered surplusage and its use a harmless error. Liberty National Bank of Pawhuska v. Exendine, 156 Okl. 26, 11 P.2d 154. Dippel v. Hargrave, 206 Okl. 26, 240 P.2d 1070.

The test of an instruction is not whether it is as complete or clear as it could have been, but whether the instructions, taken as a whole, fairly state the law applicable to the case.

In my opinion the instructions when considered as a whole and construed together state the law applicable to the case correctly and without conflict, and submit the vital features of the tenable legal theories of the parties upon the issues of fact involved. Dippel v. Hargrave, supra.

In the case of Cabiniss v. Andrews, supra [258 P.2d 182], this court stated:

"(I)t is apparent that the trial court was required to submit defendant's theory to the jury and in so doing correctly stated the applicable law to the jury. It necessarily follows that it was error to sustain plaintiff's motion for new trial upon the ground that the instruction given was erroneous.

"A trial court has a wide discretion in granting new trials, and every presumption will be indulged in favor of the correctness of the trial court's ruling. However, where the record clearly shows the court erred in some pure, simple and unmixed question of law an order granting new trial will be reversed."

While it is true that in the case of Ernest Wiemann Iron Works v. Hoerner Boxes, referred to in the majority opinion, we used the language attributed to that case and those cited therein, to my notion the facts in the case at bar do not warrant application of the rules so quoted, as, to my mind, instruction number 13 was not so erroneous as to require reversal. It does not seem to me that the trial court should have a wider latitude in granting a new trial on a pure, simple unmixed question of law than we permit ourselves.

In the trial below defendants vigorously presented testimony of a nature questioning the plaintiff's claimed damages. The jury returned a verdict in favor of defendant. I find no reversible error in the record. To my mind upholding the action of the trial court in giving plaintiff a second cut at defendants which the law of this case to my notion requires they not have, is not justifiable.

It appears to me that it necessarily follows that the trial court erred in sustaining motion for new trial upon the ground that said instruction was erroneous and the granting thereof should be reversed. Cabiniss v. Andrews, supra. Smith v. Hawkins Irr. Equipment Co., Okl., 323 P.2d 373.