**HUMPHREY OIL CORPORATION,**
Plaintiff in Error,

v.

**Roy LINDSEY, Defendant in Error.**

No. 39179.

Supreme Court of Oklahoma.

Jan. 10, 1961.

Rehearing Denied Feb. 7, 1961.

McElroy & Vaughn, Chickasha, for plaintiff in error.

C. D. Van Dyck, Jr., Chickasha, for defendant in error.

JACKSON, Justice.

This appeal by petition in error with case made attached presents a frequently recurring and perplexing jurisdictional question. The trial court, though extending the time to make and serve case made, did not effectively extend the time to appeal to this court until more than three months after the or-

der overruling motion for new trial. 12 O.S.1951 § 972, as amended in 1955 (12 O.S.Supp.1959, § 972); City of Cleveland v. Hambright, Okl., 320 P.2d 388.

After the appeal was filed in this court the defendant in error, Lindsey, filed a motion to dismiss for the above-mentioned reason. The plaintiff in error, Humphrey Oil Corporation, then sought and obtained an order from this court, under the provisions of 12 O.S.1951 § 959, authorizing nunc pro tunc proceedings to be conducted by the trial court for the purpose of showing whether the trial court did in fact, within three months from the order overruling motion for new trial, make an order extending the time within which to file the appeal in this court.

At the nunc pro tunc hearing the court reporter testified that she prepared the order, dated March 16, 1960, extending the time to make and serve case made; that she also intended to include an extension of time to perfect and file an appeal in this court; that she erroneously omitted the words "and to perfect the appeal to the Supreme Court of the State of Oklahoma"; and that she was following an old form in use prior to the amendment of the statute. The trial judge testified that the order was presented to him, and having confidence in the attorneys, he did not read it; that he did not notice whether the order was an extension of time to make case made, or both case made and extension of time for appeal; and that if it had contained an extension of time for appeal he would have signed it.

In the trial court's "Order Nunc Pro Tunc" the order dated March 16, 1960, extending time in which to make and serve case made was corrected to include the following language:

"* * * it is hereby ordered by the court that a further extension of sixty (60) days from said 21st day of March, 1960, be granted to said defendant to make and serve a case made *and perfect its appeal to the Supreme Court of the State of Oklahoma* * * *." (Emphasis supplied.)

The emphasized portion of the quoted order did not appear in the original order signed by the trial judge on March 16, 1960.

After the case made, including the proceedings in nunc pro tunc, was redeposited in this court, the defendant in error, Lindsey, renewed its motion to dismiss appeal upon the ground that the testimony shows that an extension of time in which to appeal was not granted by the court on March 16, 1960, and that the order nunc pro tunc was unauthorized.

The function of a nunc pro tunc order is to correct the record of a judgment theretofore rendered in order that such record shall truly reflect the judgment that was actually rendered. The trial court may not by nunc pro tunc order render another and entirely different judgment. Mabry v. Baird, 203 Okl. 212, 219 P.2d 234. In the first paragraph of the syllabus in Marker v. Gillam, 80 Okl. 259, 196 P. 126, we held:

"A nunc pro tunc entry is one made now of something which was actually previously done, to have effect as of the former date. Its office is not to supply omitted action by the court, but to supply an omission really had but omitted (from the written order) through inadvertence or mistake." (Parenthetical matter added for clarity.)

See also Stevens Expert Cleaners and Dyers, Inc. v. Stevens, Okl., 267 P.2d 998, and the cases cited in Oklahoma Turnpike Authority v. Kitchen, Okl., 337 P.2d 1081.

We think it is clear from the testimony presented in the nunc pro tunc hearing that the trial court did not on March 16, 1960, order an extension of time to perfect an appeal to the Supreme Court. It follows that the court was without authority to add the new provision after its hearing in nunc pro tunc.

Appeal dismissed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and DAVISON, HALLEY, JOHNSON, IRWIN and BERRY, JJ., concur.