Alvis B. BURNETT, Era Burnett, James P. Dulin, Administrator with the Will Annexed of the Estate of E. L. McCrummen, Deceased, Alfred A. Drummond, and American First National Bank in Oklahoma City, Oklahoma, a Corporation, Plaintiffs in Error,

v.

Myrtle TISDELL, Defendant in Error.

No. 38786.

Supreme Court of Oklahoma.

Dec. 19, 1961.

Rehearing Denied April 24, 1962.

Curtis & Blanton, Pauls Valley, for plaintiffs in error.

Earl Q. Gray, Ardmore, for defendant in error.

IRWIN, Justice.

Plaintiffs in error, hereinafter referred to as plaintiffs, commenced this action to quiet their title to certain lands in Johnston County. Defendant in error, hereinafter referred to as defendant, in her answer alleged that she and her husband, under whom she claims as an heir, have been in the open, notorious and exclusive possession of the property for more than fifteen years, and at all times claiming adversely to the plaintiffs and that the claim of plaintiffs, if any, has long been barred by the statute of limitations.

The jury returned a verdict in favor of plaintiffs and judgment was rendered accordingly. Defendant filed a motion for a new trial which was sustained by the trial court and the plaintiffs perfected this appeal.

The plaintiffs first contend that the trial court sustained the motion for a new trial on the sole and only ground that it did not agree with the verdict of the jury and that such action was erroneous, arbitrary and capricious and was an abuse of discretion.

The defendant counters this contention with the proposition that the trial court did not limit its reason for sustaining the motion for a new trial to the fact that it was not satisfied with the verdict but that one of his reasons was that there was error in the admission of certain evidence over the objection of the defendant, and such error was prejudicial to the defendant.

In support of their contentions the plaintiffs cite the language of the trial court at the time the motion for new trial was sustained wherein it stated (after the attorney

for plaintiffs had requested specific reasons why the trial court was sustaining the motion) as follows:

"The court: All right. I will give you the principal reason. I didn't agree with the verdict of the jury. That is a 12 to 1 majority, but I am the 13th man."

and refused to make any further statement at that time with reference to why the motion was being sustained. However, this statement does not reveal the entire proceedings with reference to sustaining the motion. Prior to the entering of the order sustaining the motion, the trial court wrote the attorneys for all the litigants, the portion thereof material to this question being as follows:

"I am not satisfied that the verdict was a just verdict and I believe there was error in the admission of evidence."

Coupled with the above statement is that portion of the journal entry or order sustaining the motion as follows:

" * * * and the Court having duly considered the memoranda of authorities and all matters before it, and being advised in the premises, states that he is not satisfied with the justness of the verdict rendered herein and that he is unable to approve the same, and further finds that there was error in the proceedings in the admission of evidence, particularly in the admission of evidence as to the custom in the community, as well as other evidence, and that, by reason thereof, the motion for new trial as originally filed herein should be sustained. * * *"

This order or journal entry was signed by the court on January 9, but the filing thereof was delayed until April 29, 1959. On April 28th, there was inserted in the same paragraph as above quoted as a last line, the following sentence:

"And, therefore, the plaintiff asked for a more specific assignment of rea-

sons and the court responded that he considered the foregoing paragraph a sufficient assignment of reasons."

It is apparent from the brief of the plaintiffs that they take the position that the statement of the trial court at the time the journal entry was signed is binding and no consideration should be given to the findings in the journal entry. In this connection it is noted, those findings were in the journal entry when the copy was delivered to the attorneys for the plaintiffs and were incorporated therein at the time the journal entry was signed. What happened or transpired between January 9th and April 28th when the last above quoted sentence was placed in the order, we do not know, as the record is silent. The sentence within itself added nothing to, nor did it detract from the findings of the court as to his reasons for granting the new trial. It is well to remember the trial court in its remarks on January 9th, stated that it would state the principal reason. In other words, it did not at that time limit its reasons to the one thing, but stated that it had other reasons and we find those reasons incorporated in the journal entry which it signed that date.

In the case of Caudill v. Caudill, (Okl.), 327 P.2d 696, 697, we held:

"The journal entry of judgment granting a new trial wherein the court finds the statutory grounds on which it is sustaining such motion for new trial is effective as of the date of the hearing, and complies with the request of counsel that it state upon which of the statutory grounds the new trial was granted."

And in the body of the opinion we said:

"Oral remarks of the trial court in sustaining the motion for new trial cannot operate to prevent this court from reviewing the entire record in order to determine whether said new trial was properly granted for reasons other than those stated by the court."

In this connection see also Guss et al. v. Nelson, 14 Okl. 296, 78 P. 170, and Hays Trucking Co. v. Maxwell (Okl.), 261 P.2d 456.

We therefore hold that the findings as set forth in the journal entry or order, upon which the court sustained the motion for a new trial are not impeached, changed or modified in any way by the remarks of the trial court on January 9th; the journal entry sustaining the motion for new trial was effective as of the date of the hearing thereon; it complies with the request of counsel that the trial court state upon which of the statutory grounds the motion was sustained; and the oral remarks made by the court do not operate to prevent this court from reviewing the entire record in order to determine whether said new trial was properly granted for reasons other than those stated orally by the trial court.

We next turn our attention to the admission of testimony the trial court determined was inadmissible and which was considered by it as one of the reasons for the sustaining of the motion of the new trial. The testimony alluded to and admitted over the objection of the defendant related to the local custom up and down Blue River, of letting those owning and running cattle and not having access to Blue River to use land of others for the purpose of getting their cattle to water. At least two witnesses for the plaintiffs were permitted to testify over objections of the defendant that it was the custom up and down "Blue" for neighbors to accommodate each other for water rights.

The land involved in this controversy is located along Blue River. Since defendant was relying on adverse possession, proper admissible evidence disclosing that the custom up and down Blue River would tend to indicate that defendant was not holding adversely to the claims and rights of plaintiffs, but merely using the land with the tacit consent of the plaintiffs according to local custom. Therefore, we must determine if evidence relating to local custom was admissible, and if so, under what circumstances. In the early case of Smith v. Stewart, 29 Okl. 26, 116 P. 182, (1911), this Court held:

"As a general rule, a local custom or usage or a custom or usage applying to a special or particular class of business may not be made the basis of recovery in an action, unless such custom or usage is pleaded by the party relying on it; and the exclusion of evidence to establish such usage or custom, in the absence of its having been pleaded, is not error."

And in the later case of School Dist. No 22, Love County v. Culwell, 62 Okl. 283 162 P. 949, we held:

"Evidence of a custom of fire insurance agents to renew policies of insurance without notifying the insured held inadmissible if not pleaded."

In this connection see also Sooner Broadcasting Co. v. Grotkop, (Okl.), 280 P.2d 457, and Gilbert v. Citizens Nat. Bank, 61 Okl. 112, 160 P. 635, L.R.A.1917A, 740; 55 Am.Jur. 309.

An examination of the pleadings filed by the plaintiffs in their petition and their reply, discloses no allegation whatsoever with reference to local custom or usage. Inasmuch as defendant alleged adverse possession it was incumbent upon plaintiffs, if they wanted to introduce evidence relating to local custom and usage to allege the same. This they failed to do. Therefore, the testimony as to the custom along Blue River was not admissible and it was error to admit such testimony.

It is not necessary for us to determine that the admission of the complained of testimony served to prejudice the jury to the extent that defendant was denied a fair trial. To the contrary, the question posed is whether the trial court, in concluding that admission of the inadmissible testimony was prejudicial and deprived defendant of a fair and impartial trial, acted capriciously and arbitrarily, and in so acting erred upon some pure, simple and un-

mixed question of law. In the case of Houston v. Pettigrew (Okl.), 353 P.2d 489, we quoted from the case of Ernest Wiemann Iron Works v. Hoerner Boxes Inc. (Okl.), 332 P.2d 10, 12 as follows:

"(1) It is not necessary for us to determine if the error contained in the first instruction was such as to require the granting of a new trial. When the trial court has granted a new trial we will not reverse such ruling unless it is shown that the court has acted arbitrarily or abused its discretion, or has manifestly erred in some pure, simple and unmixed question of law. Rein v. Patton, 208 Okl. 442, 257 P.2d 280; Dowell Inc. v. Layton, Okl., 261 P.2d 885."

And in the same case we quoted from the case of Rein v. Patton, supra, as follows:

"2. The judge who presides at the trial of a case, hears the testimony of the witnesses, observes their demeanor, and has a full knowledge of the proceedings had and done during the process of the trial, is in a better position to know whether or not substantial justice has been done than any other person. Where such judge sustains a motion for a new trial, it will require a clear showing of manifest error and an abuse of discretion before the appellate court will be justified in reversing such ruling of the trial court." [208 Okl. 442, 257 P.2d 281]

And we have consistently held that the granting of a new trial is within the sound judicial discretion of the trial court, and its action in so doing will not be disturbed on appeal unless the record clearly shows that the court acted arbitrarily or erred in its view of some pure, unmixed questions of law and that the new trial was granted wholly because of such erroneous view of the law. Noble v. City of Bethany, 206 Okl. 122, 241 P.2d 401.

After carefully reviewing the entire record, we are unable to say the trial court acted arbitrarily or capriciously, or that he erred in some pure, simple and unmixed question of law.

Affirmed.

DAVISON, JOHNSON, JACKSON and BERRY, JJ., concur.

WELCH, J., concurs in results.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and HALLEY, JJ., dissent.