Edward Jewel REED and Mary Jane Reed,
Plaintiffs in Error,
v.
William A. MOORE and Kathleen C. Moore,
Defendants in Error.
No. 40647.

Supreme Court of Oklahoma.
Nov. 5, 1963.

Landrith & McGee, by Richard K. Mc-Gee, Tulsa, for plaintiffs in error.

Font Allen and F. C. Swindell, Tulsa, for defendants in error.

BERRY, Justice.

In this proceeding in error, lodged by case-made on July 20, 1963, our review is sought of an adverse judgment of the Common Pleas Court of Tulsa County. The judgment was rendered on September 18, 1962—motion for new trial, directed thereto, was filed September 21 of that year.

Defendants in error moved to dismiss this appeal for want of jurisdiction. Their motion presents for our determination on a controversy as to the date valid disposition was made below of the motion for new trial.

As reflected by the evidence and unimpeached documentary proof before us and as found by the successor of the trial judge, the motion for new trial was regularly set for hearing and overruled by the trial judge on October 18, 1962, in the absence of counsel for plaintiffs in error. Plaintiffs in error were allowed 60 days from that date to make and serve case-made. The order so made has never been formally reduced to writing.

The case-made, when served on counsel for defendants in error, contained an order, signed by the successor judge, which reflected that the motion for new trial was overruled by him on January 31, 1963. On motion of defendants in error, filed and entertained before case-made was tendered for settlement, the successor judge vacated his order of January 31, 1963, and in effect expunged it from the record on the basis of his finding that valid disposition of the motion for new trial has been effected on October 18, 1962.

In their response to the motion to dismiss appeal plaintiffs in error assert that the order made by the trial judge on October 18, 1962, constituted "an apparent unfounded act" because it was made in the absence of counsel for plaintiff in error and neither party had knowledge of its entry. We find these assertions untenable and contrary to the facts disclosed by the evidence adduced at the hearing on the motion to vacate the order of January 31, 1963.

Rule 2, 12 Ch. 2, App.Supp., promulgated by this court—effective January 1, 1962, to regulate practice before district, superior and common pleas courts of Oklahoma, provides in pertinent part:

"* * * The clerk of each court shall set motion and demurrer dockets in accordance with such general orders and, *except in those counties in which the docket is published in a daily publication*, the clerk shall mail to the attorneys representing the parties involved notice of the hearing of such motions and demurrers. In counties in which the docket is published, *the docket shall be mailed to counsel of record residing out of the county*." (Emphasis supplied.)

It is undisputed that counsel for the parties hereto reside, or maintain their professional offices, in Tulsa County. According to uncontradicted evidence in the record, the trial court's docket is regularly published in the local legal newspaper and counsel knew, or should have known, in advance that the motion for new trial was set for hearing on October 18, 1962. In any event, under Rule 2, supra, counsel were charged with notice thereof, since it stands admitted that the docket of October 18, 1962, as published in the local legal newspaper, did include the setting of the present cause.

Rule No. 4, 12 Ch. 2 App. O.S.1963, promulgated by this court effective January 1, 1962, to regulate practice before district, superior and common pleas courts of Oklahoma, provides in its pertinent part (as amended January 15, 1962):

"If any motion or demurrer is not presented for hearing when called, the court, in its discretion, may dismiss, continue or rule upon it. * * *"

Under Rule 4, supra, the trial court may, in its discretion, act upon a motion for new trial in the absence of counsel for the

movant. The record does not affirmatively show that such action did, under the circumstances of this cause, constitute an abuse of discretion. Nor is there any satisfactory proof that counsel for plaintiffs in error was without notice or knowledge of the trial court's action on October 18, 1962. There is nothing here to show that he was, in any way, prevented from discovering, in due time, that the motion for new trial had, in fact, been overruled. It was counsel's own responsibility to inform himself of the disposition regularly effected by the lower court on their motion for new trial. See, in this connection, Boorigie v. Boyd, 41 Okl. 550, 139 P. 253, 254.

In Western Coal & Mining Co. v. Green, 64 Okl. 53, 166 P. 154, 156, this court held:

"In the absence of some statute or rule of court requiring it, parties who rely upon the custom of the clerk to notify them when orders are entered upon motions pending in their cases do so at their peril."

No statute or rule of court, called here to our attention, requires that counsel be notified of the final disposition made of his motion for new trial.

 A motion for new trial, regularly set for hearing on the docket which is published in the county's daily legal news, may be overruled by the lower court, in its discretion, in the absence of, and without further advance notice to, movant's counsel who either resides or maintains professional offices within the county. Where, as here the record fails to disclose any affirmative proof showing a manifest abuse of discretion, such judicial action will be deemed valid and effective, without a formal journal entry thereof, from the date of its pronouncement. Rule 2 and 4, supra. Burnett v. Tisdell, Okl., 370 P.2d 924, 927.

All statutory time limits for perfection of an appeal by case-made were computed herein from January 31, 1963—the date of the unauthorized order subsequently vacated and expunged by the successor judge. Since the trial court's order of October 18, 1962, overruling the motion for new trial in the absence of counsel for plaintiffs in error constituted a valid judicial act, it became effective, without formal entry thereof, at the time of its pronouncement. Therefore, the time to give notice of appeal, to serve case-made and to lodge this proceeding in error began to run on that date. 12 O.S.1961 §§ 954, 958, 972; Burnett v. Tisdell, supra.

This appeal was not brought here within three months from final order or any valid extension thereof. 12 O.S.1961 § 972. Moreover, no notice of appeal was given, as required by 12 O.S.1961 § 954, within 10 days from the date of final order.

Since the appeal was not taken within the time and in the manner prescribed by law, this court is without jurisdiction to entertain it. Humphrey Oil Corporation v. Lindsey, Okl., 370 P.2d 296.

Appeal dismissed for want of jurisdiction.