The BANKING BOARD of the State of Oklahoma and E. R. Albert, Jr., E. F. Allen, Harold G. Lewis, F. G. McClintock, Harry L. Seay, Jr., Harold G. Stuart, B. W. Vinson and W. K. Warren, as Incorporators, and Applicants for Charter of Southeastern State Bank, Tulsa, Oklahoma, Plaintiffs in Error,

v.

MERCANTILE NATIONAL BANK and City National Bank, Defendants in Error.

No. 42049.

Supreme Court of Oklahoma.

July 10, 1967.

Rehearing Denied Oct. 3, 1967.

Charles Nesbitt, Atty. Gen., Oklahoma City, John M. Winters, Jr., Hess Crossland, Horace D. Ballaine, of Conner, Winters, Randolph & Ballaine, Tulsa, for plaintiffs in error.

Sam P. Daniel, Jr., E. J. Doerner, of Doerner, Stuart, Moreland, Saunders & Daniel, Tulsa, for Mercantile National Bank.

L. Keith Smith, Jay, for City National Bank.

BERRY, Justice.

The Thirtieth Legislature enacted the Oklahoma Banking Code of 1965, establishing a Banking Department as a separate department of State government. 6 O.S.Supp. 1965 §§ 101–1503, inclusive. The authority, functions and operations of the department were vested in a Banking Board, whose affairs are administered by a Commissioner. Establishment, regulation and enforcement

of all affairs connected with state chartered banks are circumscribed within the statutory authority of this department.

A portion of the statutory proceedings involves hearing and determination of appeals from final orders of the Commissioner or the Board. This duty devolves upon a newly created Court of Bank Review. Ibid § 207. Summarized, subdivision A of this section creates the court, provides for appointment and tenure of the judges, appoints a clerk, and vests this court with appellate jurisdiction to review the final orders mentioned.

Subdivision B of the section prescribes the time, method and mechanical process involved in perfecting such appeals by observance of the following steps:

1. File a petition for review with the clerk of the court within 15 days after issuance of the final order. When this petition is filed the clerk is required to serve copies upon the Commissioner and all parties;

2. Within 20 days from filing petition for review, or within an extension granted by the court, appellant shall file a copy of the transcript of the entire record with each judge of the court. This filing is at expense of appellant, who likewise must make such cost deposit as the presiding judge of the court requires;

3. Within 5 days from filing of transcript, notice shalll be given to all parties and the Commissioner, of the date the cause is set for final determination. This date shall be within 15 days following notice of final hearing. Subdivision C of the statute circumscribes the power and authority of the reviewing court. Subdivision D then provides for appeals of decisions of the Court of Bank Review to the Supreme Court as in other civil cases.

The instant case presents for consideration an appeal from a final determination of the Court of Bank Review. Since disposition of the matter involves limitations arising under subdivisions A and B, no extended recitation of evidentiary matters and issues raised by the pleadings and urged to the review court is necessary.

On January 18, 1966, individuals named as plaintiffs in error, referred to as applicants, filed an application in statutory form with the Commissioner, seeking authorization to organize and operate a state bank at a described location in Tulsa, Oklahoma. The proposed institution, to be chartered as Southeastern State Bank, was to be in Southroads Mall Shopping Center at 41st and Yale Streets. Such location being across the street from location of the protestant, Mercantile National Bank. After compliance with requisite formalities the Commissioner issued statutory notices and ordered hearing upon this application set for February 23, 1966.

Five Tulsa County banks, all located in the southeastern portion of the city, appeared to protest the application. Two of the protestant banks are parties to this appeal. Following an extended hearing the Board entered an order on February 25, 1966, finding, in pertinent part, that: (1) the public need and advantage would be promoted by establishment of the proposed bank; (2) conditions within the community where this bank would transact business gave reasonable promise of successful operation; (3) the bank was formed solely for the legitimate object contemplated by the Code.

March 9, 1966, protestants filed petition for review wherein only the Board was named as respondent, although it is pointed out that applicants' counsel were served with the petition in error on the day filed with the clerk. The Board filed motion to dismiss, or alternatively to make applicants additional parties respondent. On March 28th, the court ordered applicants made additional parties to be served with copies of the petition for review, and set hearing on the Motion to Dismiss for April 25, 1966.

Upon hearing the review court overruled the motion to dismiss upon the grounds the appeal was filed within the statutory period

and applicants had notice of the appeal although not named in the petition for review.

Relative to preparation and service of the required transcript, it appears that time for filing same with the members of the court, in compliance with section 207, would have expired March 17, 1966. On March 10th an order was entered granting petitioners 30 days additional time "* * * to prepare, serve and deliver a transcript of the record, with exhibits, to each of the members of this Court." Within this extension protestants secured and filed the transcripts with the clerk of the court.

At the April 25th hearing, the court recognized protestants' failure to meet the requirements of the statute as to filing copies of the transcript with each judge of the court. Although recognizing the discrepancy, the presiding judge stated the court chose to treat the appeal as timely filed: "* * * The concensus of the Court is that we will consider that we will further extend the time within which the transcripts should be delivered to the court until April 25. They have actually been delivered to the court on this date and we hold that the transcript has been timely furnished because it was actually filed with the clerk of this court within the previously extended 30 day period."

One judge concurred in this decision for the reason, although believing necessary rules should have been promulgated, that all parties were brought into the case by motion and notice; and, since the transcript actually had been received by the court on that date this sufficiently satisfied the time limitation prescribed by the Legislature.

The third judge dissented upon grounds that jurisdiction of the Court of Bank Review was bound by the same rules as district courts, and to establish jurisdiction it was required that a petition in error naming all the parties be filed and served by the clerk upon all interested parties. The language of the statute clearly places the burden upon the appellant to see this procedure is carried out, and jurisdiction could not be conferred upon the court by agreement. This judge

further was of the view that, even conceding the transcript was filed with the court, there was a failure to satisfy the specific requirements of the statute by service of a copy upon each judge of the court.

Examination of section 207 will disclose that the clerk of the Court of Bank Review performs no function and has no duties laid upon him other than to serve as clerk, and to serve copies of the petition for review upon "* * * all parties and the Commissioner." Nothing in the language used requires, or is susceptible of being construed as requiring, that transcripts encompassing matters resolved by the Banking Board, must be "filed" with the clerk before becoming cognizable by the Court of Bank Review on appeal. The plain language of the statute is to the contrary, and evinces the undoubted legislative intent to provide expeditious hearing and determination of this class of appeals.

Time for filing transcripts with the judges of the court was extended until April 17, 1966, by timely order. The transcripts were placed in the clerk's hands on April 13th, but were not delivered to or filed with the judges until the April 25th hearing. On that date a majority of the court attempted to enter a retroactive order extending the filing time to that date, upon the ground the transcripts should be considered as timely filed because placed in the clerk's hands within time.

■ This order, in effect, was an effort by the Court of Bank Review, to correct the failure to lodge the appeal in the manner prescribed by statute, by nunc pro tunc order. See Humphrey Oil Corp. v. Lindsey, Okl., 370 P.2d 296. The unvarying rule is that when the case-made, or transcript, is not served or filed within the time fixed by statute, or a valid extension thereof, the appellate court is without jurisdiction to review errors complained of and the appeal should be dismissed. 12 O.S.1961 § 960; Independent S. D. No. 4, etc. v. Purdy, Okl., 322 P.2d 206; Humphrey Oil Corp. v. Lindsey, supra.

The language of section 207 of the Banking Code of 1965 did not grant the specially created Court of Bank Review authority to vary the usual appellate procedure, by granting retroactive orders extending time for performance of the requisite steps for perfecting such an appeal. The time for filing (or serving) copies of the transcripts upon the judges of that court had expired prior to the date of the attempted, retroactive extension. The attempted appeal should have been dismissed.

In view of the above, we do not pass upon the asserted grounds for dismissal resulting from failure to serve the petition for review upon all interested parties. It should be noted, however, that section 207 of the Act plainly provides for service of copies of the petition upon " * * * all parties and the Commissioner."

The Court of Bank Review was without jurisdiction to enter the order retroactively extending time for filing transcripts. The order complained of is vacated and the case remanded with directions to dismiss the appeal.

JACKSON, C. J., and DAVISON, WILLIAMS, BLACKBIRD, LAVENDER and McINERNEY, JJ., concur.