Jack WININGER, a minor by and through his father and guardian ad litem, C. E. Wininger, and Larry Craven, a minor by and through his father and guardian ad litem, Pleas Craven, Plaintiffs-in-Error,

v.

Otho R. DAY, Defendant-in-Error.

No. 39764.

Supreme Court of Oklahoma.
Sept. 25, 1962.

212

Streeter Speakman, Sapulpa, for plaintiff in error Larry Craven.

Covington & Gibbon, by A. M. Covington and James E. Poe, Tulsa, for plaintiff in error Jack Wininger.

Jack I. Gather, Tulsa, for defendant in error.

DAVISON, Justice.

Appeals by Jack Wininger and Larry Craven, both minors and appearing by their guardians ad litem (defendants below), from a verdict and judgment against them in favor of Otho R. Day (plaintiff below) for personal injuries, loss of earnings and expenses arising from an automobile accident. This is a companion case to the suit which is the subject of the appeal in No. 39763, Wininger and Craven v. Day, Administrator Okl., 376 P.2d 206 in which recovery was sought against the same defendants for the wrongful death of the wife of the present plaintiff, caused by the same collision.

The pertinent pleadings and evidence in the two cases are very much the same and reference is made to our opinion in the other appeal for a statement and description of the facts and circumstances of the collision. The trial resulting in the present appeal was held about a month subsequent to the trial in the other appeal. Some of the propositions of error urged by the present appellants are identical with those urged by them in the other appeal. It is related that in the action for wrongful death of the wife (Appeal No. 39763) the jury by its verdict denied any recovery against Wininger and Craven and their appeal was from an order granting the plaintiff administrator a new trial.

It is not urged in the present appeal that the evidence is insufficient to sustain the verdict or that the damages are excessive.

The appellants in the present appeal urge that the plaintiff was estopped to relitigate the issue of their negligence. Appellants state the same identical issue of negligence was presented in both cases; that such issue had been previously determined in their favor in the action for wrongful death of the wife; that although the wrongful death action was instituted by Joe B. Day, as administrator, still it was shown that any recovery in that action would go to Otho R. Day; that the two plaintiffs, under the circumstances, although nominally different, were in legal effect the same; and consequently the present plaintiff was estopped by the prior adverse verdict from relitigating the question of appellants' negligence and liability. Appellants cite Wilkey v. Southwestern Greyhound Lines, Okl., 322 P.2d 1058; St. Louis-San Francisco Ry. Co. v. Stuckwish, 137 Okl. 251, 279 P. 683, and other cases.

The validity, if any, of such contention must necessarily be based on the fact or assumption that the verdict in the wrongful death case does validly exist. After the trial in the present appeal the verdict in the wrongful death action was set aside and a new trial was granted to the plaintiff therein. On appeal in No. 39763 we affirmed the action of the trial court. That matter therefore stands at issue for re-trial. The basis of appellants' contention no longer exists and this court is not required to determine the correctness of the contention.

Appellants next urge the court erred in admitting incompetent testimony. This same contention was made by appellants in No. 39763 and was based on very similar circumstances and evidence. The contention is that Cary Greenwood, although presented as a witness by the defendant Wayne Cornett, was in fact plaintiff's witness and not subject to impeachment by plaintiff, by use of Greenwood's deposition (taken prior to appellants being made defendants in the action,) and that the use of the deposition constituted admission of hearsay evidence. We held adversely to appellants on both of these propositions in our opinion in No. 39763 and we adopt our reasoning and conclusions as expressed in that decision.

Appellants also urge the trial court erred in failing to instruct the jury that it should only consider contradictory impeaching statements of a witness for the purpose of affecting his credibility and not as independent substantive evidence tending to prove the truth of the facts stated. This relates also to the witness Greenwood. This witness, after stating on direct examination that there was no racing between the defendants' cars, admitted on cross-examination to making statements in a prior deposition to the effect that there was racing. The trial judge, contrary to his ruling in the wrongful death case (No. 39763) permitted the use of this impeaching evidence in the present trial. The use of the deposition for the purpose of impeaching the witness was proper and its use extends only to the question of the credibility of the witness and the jury should have been so advised. Modern Motors v. Elkins, 189 Okl. 134, 113 P.2d 969, and Sawyer v. Brown, 108 Okl. 265, 236 P. 404.

The objection of the appellant defendants was, that they were not present when the deposition was taken (hearsay) and the claimed apparent purpose of plaintiff and defendant Cornett was to establish racing and hold appellants in the suit. No objection or request was made by appellants to limit the effect of the evidence to purposes of impeachment and no instruction was submitted or requested for such purpose.

In Brownell v. Moorehead, 65 Okl. 218, 165 P. 408, we stated:

"The general admission of evidence competent for purposes of impeachment, but otherwise incompetent, will not be held to be prejudicial error, where no request was made to limit the effect of the testimony to purposes of impeachment."

And in Adamson v. Allende, 178 Okl. 464, 62 P.2d 1229, 1232, in discussing the treatment to be accorded impeaching evidence, we said:

" * * * Under the law of this state, the failure of the trial court to limit the consideration of the evidence to a particular purpose when it is properly cognizable for only one purpose does not constitute reversible error, unless an instruction restricting the consideration of the evidence is requested by the complaining party and rejected by the trial court. * * * "

See also Wilson v. Oklahoma Ry. Co., 207 Okl. 204, 248 P.2d 1014.

It is our conclusion that the appellants, not having requested an instruction regarding the impeaching evidence, have no cause to complain of the court's failure to give such instruction.

Affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and WELCH, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.