Jack **WININGER**, a minor appearing by C. E. Wininger, his father and guardian ad litem, and Larry Craven, a minor, appearing by Pleas Craven, his father and guardian ad litem, Plaintiffs-In-Error,

v.

Joe B. **DAY**, Administrator of the Estate of Norma Jean Day, deceased, Defendant-in-Error.

No. 39763.

Supreme Court of Oklahoma.

Sept. 25, 1962.

As Corrected Oct. 2, 1962.

See also, 376 P.2d 211.

Streeter Speakman, Sapulpa, for plaintiff in error Larry Craven.

Covington & Gibbon, by A. M. Covington and James E. Poe, Tulsa, for plaintiff in error Jack Wininger.

Jack I. Gaither, Tulsa, for defendant in error.

DAVISON, Justice.

This is an appeal by Jack Wininger and Larry Craven, both minors and appearing by their respective guardians ad litem (defendants below), from an order granting a new trial to Joe B. Day, Administrator (plaintiff below), after a jury verdict in favor of said defendants.

Joe B. Day, Administrator of the Estate of Norma Jean Day, Deceased, instituted this action against one Wayne Cornett to recover damages in the sum of $121,934 for the wrongful death of deceased (wife of Otho R. Day) as a result of an automobile collision. The petition alleged that Cornett was driving his car at an unlawful and dangerous rate of speed and across and to the left of the center line of the roadway, where it collided head-on with a car driven by Otho R. Day in which his wife was a passenger. After the issues were made up the deposition of one Cary Greenwood was taken by plaintiff in which it was stated or disclosed that at the time of the accident the three cars involved herein driven by Cornett, Wininger and Craven were engaged in racing on the public highway. Thereafter the plaintiff filed an amended petition in which he made Wininger and Craven additional defendants and set forth his former allegations and also alleged the racing and that such unlawful conduct of all three defendants combined to cause the collision. The answer of Cornett was a denial of any negligence. The defendants Wininger and Craven answered by general denial, an admission of a collision between the cars of plaintiff and Cornett, but denied the negligence attributed to them (Wininger and Craven) in plaintiff's amended petition. The evidence disclosed that two of the defendants were residents of Mannford and that they had all known each other for some time; that the collision occurred on a Sunday afternoon and that the Sunday afternoon gathering place for young people of Mannford was at the Dairy Queen Snack Bar located in said town; that the three defendants, along with a number of other young people, had by chance met at the Dairy Queen on this particular afternoon; that all of the defendants were 16 years of age at the time of the accident and were all driving cars owned by their respective fathers; that the three defendants left the Dairy Queen at approximately the same time; that the accident occurred on Highway 51 approximately 2 miles distant from

the Dairy Queen; and that the three cars changed positions several times after leaving the Dairy Queen and immediately before the accident.

Otho R. Day and all defendants and other persons testified at the trial. Cary Greenwood (the person who had previously given his deposition) appeared under subpoena issued on behalf of the plaintiff but was called to testify by Cornett. The evidence was conflicting as to whether the defendants were racing with each other and as to the speed of defendants' cars. The defendant Cornett suffered a brain concussion and had no recollection of the situation or circumstances. There was no question and in fact it was considered as admitted that Cornett's car, while traveling around a hilly curve in the highway, had swerved to the left and across the center line when it collided head-on with the car of Otho R. Day. The jury returned a verdict against Cornett for $20,000 and no verdict against Wininger and Crayen. Cornett filed a motion for new trial which was confessed by the plaintiff, and thereupon sustained by the court. Plaintiff's motions for new trial as to Wininger and Craven were sustained by the court, because, as stated by the court, "of error committed by the Court in refusing the right of plaintiff to use a deposition or parts thereof to lay a foundation to impeach the witness, Cary Greenwood." As stated, Wininger and Craven have appealed to this court.

It is urged that the trial court erred in a pure, simple and unmixed question of law when it sustained plaintiff's motion for new trial. The arguments in support of this contention are presented under several propositions. They are closely related and will be considered together.

It is argued that the witness Greenwood was in fact the witness of plaintiff and within the rule prohibiting impeachment of a party's own witness, and further that the deposition was hearsay as to Wininger and Craven because they were not parties to the suit nor present at the time the deposition was taken. The record reflects that Greenwood was subpoenaed by the plaintiff but was called and placed on the witness stand by the attorney for Cornett to testify for Cornett, and did testify, contrary to his prior deposition, that defendants were not speeding and racing. Plaintiff then sought to lay a predicate and to impeach Greenwood by use of Greenwood's previously given deposition. Upon objection being made the trial court would not permit the plaintiff to do this. This was error.

The fact that the deposition was taken before Wininger and Craven were made parties and without them being present or represented does not make it unavailable for the purpose of impeachment. In 98 C.J.S. Witnesses § 588, p. 565, it is stated:

"In order to render a statement of a witness available for the purpose of impeachment, it is not necessary that it should be of such character as to be admissible as independent evidence in the case. Accordingly, evidence may be admissible for the purpose of impeachment although inadmissible as independent evidence because it is hearsay * * *."

In Kelso v. Independent Tank Company, Okl., 348 P.2d 855, 858, we held that a witness may be impeached by use of a prior inconsistent statement, regardless of where or under what circumstances the statement was made, if it is not inadmissible on some other ground, such as privilege. See also Midwestern Engine and Equipment Co. v. Childers, Okl., 323 P.2d 738.

Appellants Wininger and Craven contend that the record reflects an obvious agreement between plaintiff and defendant Cornett to work in harmony to prove racing, whereby all adversity between these parties was removed, and that Greenwood, although presented as a witness for Cornett, was in reality plaintiff's witness, and therefore not subject to being impeached by plaintiff. As a related proposition the appellants urge the rule that a party placing a witness upon the stand with notice that such witness will

testify adversely to such party, cannot impeach the witness in any manner. Citing Bond v. State, 90 Okl.Cr. 110, 210 P.2d 784, and other cases.

At the beginning of the trial counsel for Wininger announced that objection would be made to the introduction of Greenwood's deposition, that Greenwood would refute his statements therein, and that plaintiff could not claim surprise. In his opening statement counsel for Cornett stated the cars of defendants were racing and acting in concert and were engaged in a dangerous game and that one of the parties was unable to control his car, and that all were liable. Cornett testified he suffered a brain concussion and had no recollection of the events. It appears that some of the cross-examination by counsel for Cornett indicated an effort to show they were racing. The testimony was conflicting on the matters of racing and of excessive speed. All parties rested without calling Greenwood as a witness. Counsel for Cornett then reopened the case and called Greenwood to testify and he did testify there was no racing. Plaintiff then sought to impeach the credibility of Greenwood by the use of his deposition to the contrary. As stated the trial court refused to permit such use of the deposition.

The appellants Wininger and Craven do not cite any decisions or authorities relating comparable facts or circumstances to guide or inform us as to the sufficiency of the present facts and circumstances to sustain their contention that Greenwood was in reality the witness of the plaintiff. We do not know of any rule that universally requires individual defendants who are represented by separate counsel to act in concert or in cooperation in presenting their defenses. In the present case Cornett was without benefit of recollection of pertinent facts either before, during or after the collision. It was his car that was involved in the collision and the uncontroverted proof is that his car was over the center line at the time of the collision. His co-defendants sought to avoid liability by these facts and by denial of racing by the three defendants' cars. Cornett did not appeal and we are without benefit of any explanation by him as to the course pursued by his counsel in the trial of the case. Cornett was entitled to avoid or diminish his liability.

Obviously Cornett sought to avoid sole liability by utilizing testimony that there was racing and to cause his co-defendants to share the liability that he thought was their responsibility for participating in the alleged speed contest. Cornett was entitled to the benefit of every remedy and defense authorized by the law of the land and in furtherance thereof could rely, if he chose to do so, upon conflicting testimony in the submission of his case to the jury. From our examination of the record we conclude that the contention that Greenwood was in fact the witness of the plaintiff is not sustained by the evidence.

Granting that the deposition of Greenwood was hearsay as to Wininger and Craven still that did not prevent the use of portions thereof to impeach the credibility of Greenwood. See 98 C.J.S. Witnesses § 588, p. 565, supra. Plaintiff limited the tendered use of the deposition to purposes of impeachment only and not as an offer of substantive testimony.

In Modern Motors v. Elkins, 189 Okl. 134, 113 P.2d 969, we held that evidence of the contradictory statement of a witness extends no further than the question of the credibility of the witness, and does not tend to establish the truth of matters embraced in the contradictory statement.

Appellants Wininger and Craven further contend that the error, if any, in excluding the evidence offered by the plaintiff for impeachment purposes could not have resulted in prejudice to the plaintiff. We have held herein that the rejection of the tendered impeaching evidence was error. In Sawyer v. Brown, 108 Okl. 265, 236 P. 404, we held that under the circumstances there presented the rejection of

such impeaching testimony was prejudicial error, stating:

> "In the trial of an action, the defendant as a witness, may be impeached by showing that he testified in another proceeding involving the same subject-matter in a manner inconsistent with his testimony sought to be impeached, and it is prejudicial error for the trial court to exclude such testimony."

There was conflicting testimony, other than that of Greenwood, on the issue of racing. The jury apparently chose to believe the testimony, including that of Greenwood, that there was no racing.

 In granting a new trial to plaintiff and against Wininger and Craven the trial judge obviously believed he had committed prejudicial error in rejecting evidence offered to impeach the credibility of Greenwood. In Cosmo Construction Company v. Loden, Okl., 352 P.2d 910, we stated:

> "The discretion vested in a trial court in granting or denying a new trial is a sound legal discretion to be exercised in accordance with recognized principles of law."

And in Dismuke v. Miller, Okl., 344 P.2d 1049, this court said:

> "This court will not reverse the ruling of the trial court in granting a new trial unless it can be seen that the trial court has manifestly erred with respect to some pure, simple, and unmixed question of law, or has acted arbitrarily or abused its discretion."

See also Houston v. Pettigrew, Okl., 353 P.2d 489, 492.

 It is our opinion that the trial court did not manifestly err with respect to some pure, simple, and unmixed question of law and did not act arbitrarily or abuse its discretion in granting a new trial.

Affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and WELCH, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.