The HOME INDEMNITY COMPANY, a Corporation, Plaintiff in Error,

v.

Ray. THOMPSON and the Great American Insurance Company, a Corporation, Defendants in Error.

No. 42318.

Supreme Court of Oklahoma.

Oct. 3, 1967.

John R. Couch, Melvin. F. Pierce, of Pierce, Duncan, Couch & Hendrickson, Oklahoma City, for plaintiff in error.

Robert D. Looney, of Watts, Looney, Nichols & Johnson, Oklahoma City, for defendants in error.

DAVISON, Justice.

The parties to this appeal occupy the same relative positions in this court as they did in the lower court and will be referred to by their trial court designation of "plaintiff" and "defendants," or by name.

Plaintiff appeals from an adverse judgment in favor of defendants in which the lower court found and adjudged that plaintiff had no legal right to require contribution from the defendants because of plaintiff's payment of the full amount of the judgment rendered in a personal injury damage action arising out of an automobile accident.

 There is no dispute as to the facts. Plaintiff was the insurer of one Virginia Bird and Great American Insurance Company was the insurer of Ray Thompson. Bird and Thompson were involved in an automobile accident at a time when one Roy Easton was a passenger in the Thompson car. Easton sued both Bird and Thompson and recovered a judgment against both of them for $6850 for injuries resulting from their negligence. Thereafter, plaintiff made demand on defendants for contribution on the judgment, which was refused, and later a garnishment was issued against plaintiff, as the insurer of Bird. Plaintiff paid the judgment and then brought the present action against defendants to compel contribution. The lower court denied plaintiff's prayer for contribution on the ground that Bird and Thompson were joint tortfeasors and contribution will

not be enforced in favor of the joint tortfeasor who pays the whole judgment.

Plaintiff urges on appeal that under the provisions of 12 O.S.1961, § 831, a joint tortfeasor, upon paying the whole judgment, has a right to enforce contribution from the other joint tortfeasor who also had judgment rendered against him in the action.

In the opinion and supplemental opinion on rehearing in National Trailer Convoy, Inc. v. Oklahoma Turnpike Authority, Okl., 434 P.2d 238, promulgated this date, we had occasion to consider the same identical proposition, and therein determined the same adversely to plaintiff's contention. We adopt the pertinent portions of the cited case and syllabus and conclusion therein as determinative of all contentions and arguments made herein by plaintiff.

Judgment affirmed.

JACKSON, C. J., IRWIN, V. C. J., and WILLIAMS, BLACKBIRD, BERRY and LAVENDER, JJ., concur.