**HARTFORD ACCIDENT & INDEMNITY COMPANY, a corporation, Appellant,**

v.

**TRI-STATE INSURANCE COMPANY, a corporation, Appellee.**

**No. 8401.**

United States Court of Appeals Tenth Circuit.

Nov. 1, 1967.

A. M. Covington, Tulsa, Okl. (Covington & Gibbon, Tulsa, Okl., were with him on the brief), for appellant.

Ray H. Wilburn, Tulsa, Okl. (Knight & Wilburn, Tulsa, Okl., were with him on the brief), for appellee.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

PER CURIAM.

Hartford had an automobile liability policy on Wininger. Tri-State had a similar policy on Cornett. Wininger, Cornett, and Craven, who was not insured, were racing on an Oklahoma public highway. Cornett's car collided with a car driven by Day causing the death of one passenger in that car and injuries to others. Subsequent law suits resulted in judgments against Wininger, Cornett, and Craven.[1] Hartford paid $85,000 in judgments and seeks contribution from Tri-State. The trial court denied contribution.

The question is whether the rule prohibiting contribution between joint tortfeasors or joint judgment debtors for tort liability has been changed by 12 O.S.1961, § 831 which reads:

"When property, liable to an execution against several persons, is sold thereon, and more than a due proportion of the judgment is laid upon the property of one of them, or one of them pays, without a sale, more than his proportion, he may regardless of the nature of the demand upon which the judgment was rendered, compel contribution from the others; and when a judgment is against several, and is upon an obligation of one of them, as security for another, and the surety pays the amount, or any part thereof, either by sale of his property or before sale, he may compel repayment from the principal; in such case, the person so paying or contributing, is entitled to the benefit of the judgment, to enforce contribution or repayment, if within ten days after his payment he file with the clerk of court where the judgment was rendered, notice of his payment and claim to contribution or repayment. Upon the filing of such notice, the clerk shall make an entry thereof in the margin of the docket."

The Oklahoma Supreme Court answered the question in its October 3, 1967, opinion on rehearing in National Trailer Convoy, Inc. v. Oklahoma Turnpike Authority, Okl., 434 P.2d 238, when it said:

"It is our conclusion that 12 O.S. 1961, § 831, did not change the rule denying contribution where one joint tortfeasor satisfied a joint judgment for tort liability."

In another case decided the same day, Home Indemnity Co. v. Thompson, Okl., 434 P.2d 250, the court reached the same result in a case relating to a joint judgment for damages awarded against joint tort-feasors because of injuries sustained in an automobile accident. These constructions of Oklahoma law by the highest court of that state are binding on us.

Affirmed.

---

1. Certain aspects of this litigation are disclosed in Wininger v. Day, Okl., 376 P.2d 206, and Wininger v. Day, Okl., 376 P.2d 211.