**Charles E. LARSEN,
Petitioner–Appellant,**

v.

**James K. FRAZIER; Attorney General,
State of Oklahoma,
Respondents–Appellees.**

No. 87–1280.

United States Court of Appeals,
Tenth Circuit.

Dec. 11, 1987.

Charles E. Larsen, pro se.

Robert A. Nance and Douglas B. Allen, Asst. Attys. Gen. (Robert H. Henry, Atty. Gen., of Okl., with them on the brief) Oklahoma City, Okl.; for Respondents–Appellees.

Before McKAY and BALDOCK, Circuit Judges, and GREENE, District Judge.*

* Honorable J. Thomas Greene, District Judge, United States District Court for the District of

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.8(c) and 27.1.-2. The cause is therefore ordered submitted without oral argument.

Petitioner appeals from an order of the district court denying his petition for a writ of habeas corpus filed pursuant to 28 U.S. C. § 2254. We affirm.

In November, 1980, petitioner pled guilty to and was convicted of burglary pursuant to a plea bargain. In January, 1984, he was sentenced to ten years imprisonment after pleading guilty to unlawful use of a mislaid credit card after former conviction of a felony. The January, 1984, sentence was enhanced by the November, 1980, conviction. Petitioner did not file a direct criminal appeal from the conviction relating to the January, 1984, sentencing.

Petitioner, however, did file an application for state post-conviction relief in the District Court of Oklahoma County attacking the November, 1980, conviction. Petitioner alleged, among other things, that his plea bargain was null and void as a violation of Okla. Const. art. XXIII, § 8. Okla. Const. art. XXIII, § 8 provides: "Any provision of a contract, express or implied, made by any person, by which any of the benefits of this Constitution is sought to be waived, shall be null and void." Without specific discussion of the allegation, the District Court of Oklahoma County denied relief and concluded petitioner voluntarily and knowingly waived his rights and pled guilty. The Oklahoma Court of Criminal Appeals affirmed and stated that it had examined the application filed in the Oklahoma district court and found that even if petitioner's statements were true, he had failed to demonstrate that he was entitled to any relief.

Petitioner then filed a petition for habeas corpus relief in the district court alleging,

Utah, sitting by designation.

among other things, that his plea bargain was void. The district court refused to review the allegation, finding that it contained no assertion of a violation of the constitution or laws of the United States.

This court reversed and remanded in *Larsen v. Frazier,* Unpublished No. 86–1593 (10th Cir. filed January 6, 1987). This court determined that petitioner had alleged a violation of due process and equal protection guaranteed by the Fourteenth Amendment. More specifically, this court determined that an allegation that a state's refusal to apply the protections of its own constitution is a denial of fundamental fairness guaranteed by the Due Process Clause.

Upon reconsideration of the merits of the claim, the district court found that the Oklahoma courts have never construed the Oklahoma Constitution to prohibit guilty pleas, plea bargains, or the waiver of constitutional rights associated with the plea process. The district court concluded petitioner can make no argument on the law or the facts in support of his claim for relief. Petitioner appealed.

■ The validity of guilty pleas and plea bargains is a matter of state law. We will generally follow the interpretation of the laws of a state by its highest deciding court except where the interpretation is inconsistent with fundamental principles of liberty and justice. *See Ewing v. Winans,* 749 F.2d 607, 609 (10th Cir.1984); *Tyrrell v. Crouse,* 422 F.2d 852, 853 (10th Cir.1970); *see also Brown v. Ohio,* 432 U.S. 161, 167, 97 S.Ct. 2221, 2226, 53 L.Ed.2d 187 (1977); *Hortonville Joint School Dist. No. 1 v. Hortonville Educ. Ass'n,* 426 U.S. 482, 488, 96 S.Ct. 2308, 1312, 49 L.Ed.2d 1 (1976).

■ In this case, the Oklahoma Court of Criminal Appeals had the opportunity to review the constitutionality of the plea bargain on the merits. In summarily denying relief, the Court of Criminal Appeals determined that plea bargains are valid and are not in violation of Okla. Const. art. XXIII, § 8. Because no fundamental principles of liberty or justice are involved, we conclude that plea bargains are valid in Oklahoma and are not in violation of Okla. Const. art. XXIII, § 8.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

The mandate shall issue forthwith.