948 F.2d 1294
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James Butler SCALES, Plaintiff-Appellant,
v.
Dan M. REYNOLDS; The Attorney General of the State of
Oklahoma, Defendants-Appellees,
 No. 91-7022.
 United States Court of Appeals, Tenth Circuit.
 Nov. 14, 1991.
 
 Before McKAY, Chief Judge, and SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 EBEL, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 In 1986, a jury convicted James Butler Scales ("appellant") of robbery with a firearm after former conviction of a felony. He was sentenced to forty years incarceration, and he remains in the custody of the Oklahoma Department of Corrections. The appellant has challenged his confinement via several petitions filed pursuant to 28 U.S.C. § 2254.
 
 
 3
 In this case, he appeals from the January 14, 1991 Order of the United States District Court for the Eastern District of Oklahoma. The district court adopted the Findings and Recommendation of the United States Magistrate and denied his petition for a writ of habeas corpus. The appellant raises two issues on appeal.[1]
 
 
 4
 First, he contends that he properly objected to the trial court's failure to give the jury appropriate limiting instructions with respect to his prior convictions, and that the Oklahoma Court of Criminal Appeals erroneously refused to review this assignment of error on appeal. Second, he contends that Oklahoma's 1988 statutory amendments regarding the computation of earned credits, Okla.Stat. tit. 57, § 138, violate the due process clause, as well as the ex post facto clause, of the United States Constitution. See U.S. Const. art I., § 9, cl. 3. Furthermore, he complains that the Oklahoma state court system does not provide him with a meaningful corrective process to redress this grievance.
 
 
 5
 We affirm the district court's decision with respect to the first issue. The Court of Criminal Appeals of Oklahoma declined to consider the appellant's complaint regarding the jury instructions submitted at his trial because the appellant did not properly preserve his objection. See Scales v. State, 737 P.2d 950, 954 (Okla.Crim.App.1987). The trial transcript reveals that the appellant's attorney made an effort to object to the jury instructions but failed to state the grounds for his objection. Trial Transcript at 539. The Court of Criminal Appeals determined that the appellant's objection was insufficient. We are bound by this state finding under 28 U.S.C. § 2254(d).[2] 28 U.S.C. § 2254(d) provides that
 
 
 6
 [i]n any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction ... shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear ... (6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding.
 
 
 7
 Here, the petitioner did not establish that the proceedings were unfair or inadequate, i.e. that the state court never reviewed the transcript of the proceedings in the trial court. Accordingly, we affirm the district court's decision as to the first issue.
 
 
 8
 We remand with respect to the application of the appellant's earned credits to his sentence. The district court denied relief on the basis that this is a state law issue, but the appellant's ex post facto claim raises a constitutional issue. Before the merits of this claim can be addressed, however, the appellant must clear a high hurdle: the exhaustion doctrine. A state prisoner who seeks federal habeas relief must first exhaust available state remedies. 28 U.S.C. § 2254(b); Coleman v. Thompson, 111 S.Ct. 2546, 2554-55 (1991).
 
 
 9
 The appellant admits that he did not exhaust his state remedies with respect to his second claim, but justifies his failure to do so on the grounds that no adequate state remedies exist. Petition for a Writ of Habeas Corpus at 12. The case of Ekstrand v. State, 791 P.2d 92 (Okla.Crim.App.1990), clearly provides the appellant with a state remedy, although the efficacy of this remedy has not yet been established. In Ekstrand, the court held that the 1988 amendments to the early release statute violate ex post facto laws when they reduce the number of monthly earned credits available to an inmate and thus make the punishment for crimes committed before the amendments more onerous. Id. at 95. However, the inmate is entitled to relief only if he or she files a petition for habeas corpus when enough credits have been earned under the old system to warrant immediate release. Id. Thus, the appellant must wait to challenge the system until after he has accumulated enough credits to entitle him to immediate release.[3]
 
 
 10
 Harris v. Champion, 938 F.2d 1062, 1069 (10th Cir.1991), excuses the appellant from exhaustion if the available state remedy is ineffective:
 
 
 11
 It would make no sense to require a petitioner to exhaust the very procedures that he claims are being unconstitutionally protracted before he can raise that issue in the federal court. Habeas relief would be rendered ineffective if the petitioner were required to suffer the very unconstitutional conduct of which he is complaining before the federal court can consider that claim.
 
 
 12
 Unfortunately, the record was not sufficiently developed to enable us to determine the efficacy of this remedy. Its adequacy depends upon whether prompt relief will be granted when the appellant is entitled to be free or, in the alternative, whether the appellant will be subjected to substantial, continued, unconstitutional incarceration.
 
 
 13
 In his response to the appellant's petition for a writ of habeas corpus at the district court level, the Attorney General represents that the appellant's case will be resolved quickly, perhaps even without court action:
 
 
 14
 [T]he Petitioner must wait until he is eligible for immediate release under the rule in effect at the time that he committed his offense. Since the Petitioner committed the offense in question in 1981, the old law is what will be used to decide when the Petitioner may ask for habeas corpus relief. In effect the Petitioner will not have to petition a court for this relief. The practice of the Oklahoma Department of Corrections, in accordance with the ruling in Ekstrand, is to give eligible inmates the benefit of the old law at the time they become eligible for immediate release.
 
 
 15
 Response to Petition for Writ of Habeas Corpus at 3-4. However, the adequacy of the state habeas corpus remedy under Ekstrand has not been explored in detail.
 
 
 16
 Ordinarily, we do not reverse and remand when the State has not responded to the appellant's brief. However, given the State's earlier assertion that it will release the appellant upon his entitlement to immediate release, a response in our court seems unnecessary. The only issue remaining is a judicial determination that the State's agreed remedy will indeed be provided. Because this question involves a factual finding that was not addressed below and that we are unable to make, we remand. The district court should determine whether the remedy is effective or, alternatively, so ineffective that the appellant is excused from his obligation to exhaust state remedies. If the district court finds the latter, it should address the merits of the appellant's ex post facto claim.
 
 
 17
 The judgment of the United States District Court for the Eastern District of Oklahoma is hereby AFFIRMED in part and REVERSED and REMANDED in part for reconsideration consistent with this order and judgment.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Appellant's motion for a certificate of probable cause and motion for leave to proceed in forma pauperis are granted
 
 
 [2]
 Of course, to the extent that this is considered a ruling of state law by the Court of Criminal Appeals, we are bound by the State's determination of its own law. See Larsen v. Frazier, 835 F.2d 258, 259 (10th Cir.1987); Hartford Accident & Indem. Co. v. Tri-State Ins. Co., 384 F.2d 386, 387 (10th Cir.1967)
 
 
 [3]
 The appellant has not yet accumulated enough credits to entitle him to immediate release. See Appellant's Petition for a Writ of Habeas Corpus at 6